JOHN MEEKS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where on the trial of an indictment for assault with intent to murder, there was evidence that whilst the prisoner and another were engaged in a fight, two other persons interfered against the prisoner, one striking at him with his knife, and the other hitting him with his fists, and the fight having ceased by mutual consent, the prisoner immediately cut his principal opponent with his knife, it was error in the court to refuse the following written request to charge the jury: "If the circumstances surrounding the prisoner at the time of the stabbing were such as to excite the fears of a reasonable man that he was in danger of losing his life, or that some great bodily harm would be done to him, he is not guilty," especially as it does not appear in the record that the court did charge that if there was great provocation (so as, that if death had ensued the crime would have been manslaughter only,) then they could not find him guilty of assault with intent to murder.

2. It was not error to admit testimony of the sayings of the prisoner next day after the fight, showing bitter hatred towards the person stabbed, as it tended to show malice at the time of the stabbing.

3. It is not error in the court, on the trial of a criminal case, to require the witnesses of both the state and the prisoner to be sworn, and to leave the court-room before commencing the examination of any of the witnesses.

Assault with intent to murder. Evidence. Witness. Before Judge CLARK. Macon Superior Court. December Term, 1873.

Meeks was placed on trial for the offense of an assault with intent to commit murder, alleged to have been committed upon the person of Taylor Killebrew, on October 23d, 1873. The defendant pleaded not guilty.

The case presented by the testimony was substantially as follows: The defendant, with Taylor Killebrew, John Killebrew and Ansley Watson, were summoned by one Hobbs, a constable, as a posse to execute a warrant. When near the house of Henry Hobbs a difficulty arose between the defendant and Taylor Killebrew. The fight that ensued, according to all the evidence, was mutual. The witnesses for the state swear that they did not see any one participate in the fight

except the two parties above stated. The witnesses for the defense show that the defendant was assaulted by Taylor Killebrew, James Killebrew and Ansley Watson; that both the Killebrews had knives.

The witnesses for the prosecution further show, that during the progress of the fight defendant made a proposition to quit, to which Taylor Killebrew replied that he was willing if defendant was; that he then shoved defendant off and retired from five to seven steps to a fence, to which point the defendant followed and stabbed him in the breast, inflicting a wound endangering his life; that at the time of the stabbing no one was interfering with the defendant; that about one-half a minute had elapsed after the fight had ceased before the wound was inflicted.

The witnesses for the defense swear that James Killebrew was endeavoring to cut the defendant from the rear, while Taylor Killebrew was engaging him in front; that this was the condition of the combatants at the time the proposition to cease fighting was made, and that as soon thereafter as a man could turn around once or twice, or walk two or three steps, the defendant stabbed Taylor Killebrew, who was standing about three steps off, at the fence; that James Killebrew was prevented from cutting the defendant by Henry Hobbs, and that he asserted that he would cut him if he could get at him.

The jury found a verdict of guilty. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in requiring the witnesses for the defendant to be sworn at the same time with the witnesses for the prosecution, and to be at once sent out of the court-room, before the defendant had opened his case.

2d. Because the court erred in permitting D. A. Ray, a witness for the state, to testify that on the preliminary examination, the day after the difficulty, the defendant said that he wished Killebrew was dead and in hell, if he (defendant) had to be hung the next minute.

3d. Because the court erred in refusing to charge the jury

as follows: "If the circumstances surrounding the defendant, at the time he did the stabbing in this case, (if he did stab Killebrew) were of such a character as to excite the fears of a reasonable man that he was in danger of losing his life, or that some great bodily harm would be done him, he is not guilty, and the jury will so find."

The charge of the court, after reading the sections of the Code on murder, manslaughter, and voluntary manslaughter, proceeded as follows: "In order to determine the intention of the defendant, you will look closely into the testimony. If the defendant proposed, in the midst of the fight, to quit, and Killebrew agreed to it, or if Killebrew proposed to quit and defendant consented, it is for you to inquire into defendant's motives in either case. Was the proposition, if made, or if accepted, made or accepted in good faith, or was it made or accepted by the defendant for the purpose of obtaining an undue advantage over Killebrew? If for the purpose of getting an undue advantage, and if after the fight had ceased, defendant followed up Killebrew and gave him a dangerous wound with a knife, he is guilty of an assault with intent to murder. If defendant made or accepted a proposition to quit fighting, in good faith, if he still followed up Killebrew and inflicted a dangerous wound with a knife, if, at the time, he was under the influence of that violent impulse of passion supposed to be irresistible, then he is not guilty."

The motion was overruled, and defendant excepted.

W. S. WALLACE; W. A. HAWKINS, for plaintiff in error.

C. F. CRISP, solicitor general, by B. B. HINTON, for the state.

McCAY, Judge.

1. It is not our province to say whether this defendant be guilty of the offense for which he has been convicted, but under the circumstances we think he was entitled to the charge asked. The crime of assault with intent to murder

has, as one of its essential ingredients, that state of mind which the law calls malice, to-wit: the deliberate intent to kill in a bad spirit. If the slayer be provoked by an assault, if he have his passions aroused by a blow, the law excuses his heat, and though he may not be justified in the killing, the law deals with it as manslaughter and not murder. If the blows in this case were given under such circumstances, as if death had ensued it would have been manslaughter only, this was not an assault with intent to murder. We do not express any opinion as to what the jury ought to have found, nor do we say that this or that witness was entitled to credit. But under the testimony of one or two of the witnesses we think the jury might fairly have thought, if they gave full credit to these witnesses, that the prisoner when he did this act was in fear of his life. When we look at the facts as they are told now, we can draw far more accurate conclusions than it is possible for one to do with his blood up in the midst of a conflict or just as it ceases, and we think the court should have charged as requested. The prisoner was entitled to have charged, on request, any principle of law material and pertinent to the case, in any view that, under any of the evidence, may be taken of it. The burden of proof may be one way, yet if there be any evidence on a particular line before the jury, he has a right to have the law in that aspect of his case, if he asks it, charged by the judge to the jury.

2. We think there was no error in admitting the statements of the prisoner next day. They indicate strong malice against his opponent at that time, and furnish a fair ground for an inference of malice at the time of the rencounter. Statements, both before and after, are indications showing the condition of the mind at the time of the act, and are circumstances having more or less weight according to the time of their utterance and the circumstances of the case. We think these statements were not too long after. The time that had elapsed weakens their force, but we think them competent to be introduced, leaving their weight to the jury.

3. We have discussed this point in Wair's case at this term.

We think the provisions of the Code cumulative only, and that the old rule is still of force when the demand is made, or at the option of the judge without a demand. It can do no harm to the cause of truth, and the inconvenience of it may well be borne for the facilities it affords to prevent fraud and tampering with witnesses.

Judgment reversed.