13086.   BENNETT *v.* THE STATE.

BROYLES, C. J. In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the property, although he may be holding it merely as the agent or bailee of another; and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding the property merely as the agent or bailee of the real owner. And where in such an indictment ownership is laid in a named person who is stated to have been in actual lawful possession of the property when stolen, but there is no allegation that he was holding it as agent or bailee of another, and where the proof shows that he was in such

possession when the property was stolen but that he was holding it merely as the agent or bailee of another, there is no variance between the allegations of the indictment and the proof. *Wimbish* v. *State*, 89 *Ga.* 294 (15 S. E. 325); *Bradley* v. *State*, 2 *Ga. App.* 622 (58 S. E. 1064). Under this ruling and the facts of the instant case, there is no merit in the amendment to the motion for a new trial.

2. The verdict was authorized by the evidence, and has been approved by the trial judge.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED FEBRUARY 16, 1922.

Indictment for larceny of automobile; from Forsyth superior court — Judge Blair. October 1, 1921.

*J. V. Poole,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.