### 20887.  JONES *v.* THE STATE.

BROYLES, C. J.  1. The ground of the motion for a new trial based upon refusal to direct a verdict for the defendant is without merit.  Under repeated decisions of the Supreme Court and of this court the refusal to direct a verdict is never error.

2. Special ground 2 of the motion for a new trial is merely an elaboration of the general grounds.

3. Special ground 3, complaining of the refusal to give a requested charge, is without merit.  Under the facts of the case the request was properly declined.

4. Special ground 4 sets forth an excerpt from the charge of the court and alleges that "the underlined portion" of the excerpt was error. However, no portion of the excerpt is underlined, and the ground therefore presents no question for the consideration of this court.  The same ruling is applicable to special ground 6.

5. Under the facts of the case the excerpts from the charge set forth in special ground 5 are not erroneous for any reason assigned.

6. In an indictment for robbery the ownership of the personal property stolen may be laid in the person having actual lawful possession of the property, although he may be holding it merely as the agent or bailee of another; and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding the property merely as the agent or bailee of the real owner.  And where in such an indictment ownership is laid in a named person who is stated

to have been in possession of the property when stolen, but there is no allegation that he was holding it as agent or bailee of another, and where the proof shows that he was in actual lawful possession of the property when it was stolen from his person but that he was holding it merely as the agent or bailee of another, there is no variance between the allegations of the indictment and the proof. *Bennett* v. *State*, 28 *Ga. App.* 235 (110 S. E. 756), and cit.

7. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 11, 1930.

*Harwell & Nall,* for plaintiff in error.
*Claude C. Smith, solicitor-general,* contra.