(No. 20398.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WILLIAM SKALLY, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 10, 1931.*

MILES J. DEVINE, and W. G. ANDERSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and MERRILL F. WEHMHOFF, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

William Skally was convicted in the criminal court of Cook county of robbery with a gun and seeks a reversal of the judgment by this writ of error.

Marie Lonski and her husband on May 31, 1930, operated a restaurant and cigar store at 1058 West Division street, in Chicago, and had their living quarters over the restaurant. They had been in the habit of keeping considerable money on hand to cash pay-checks, as their restaurant was located in a factory district. On Saturday, May 31, the day of the robbery, they had nearly $500 in a cigar can under a counter, besides some money in the cash register. At about 11:00 o'clock in the morning, while Mrs. Lonski was in the restaurant, a man came in, bought some cigarettes and tendered a twenty-dollar bill, for which change was made out of the tin cigar can under the counter. Soon afterwards Mrs. Lonski went up-stairs and left her eighteen-year-old daughter, Helen, in charge of the restaurant. At about 11:40 that morning a man, identified by Helen as the defendant, came in the restaurant, carrying a revolver. He warned her to keep quiet and she would not be hurt. After compelling her to stand in the kitchen he went into the dining room, but she followed him, warning him at the time not to take anything. On entering the dining room she saw a second robber with the money can and heard the till of the cash register ring and money being taken out of it, but stated she could not see anyone take the money from the register as it was in another room. She testified there were three robbers, including the defendant, and all three ran out of the restaurant together. She said that the robber with the gun wore a light-gray overcoat and a grayish-brown cap. According to her the whole episode did not take more than two minutes. In the afternoon of the same day Mrs. Lonski and Helen appeared at a police station where the defendant was in custody. Helen positively identified him as the robber who had come into the restaurant with the revolver. Mrs. Lonski also identified him as the individual who had come into the restaurant about 11:00 o'clock that morning and purchased cigarettes from her, at which time she noticed that

he was garbed in a gray overcoat and cap. The defendant was apprehended by the police on information obtained from an unknown source respecting a certain automobile license number for a Ford roadster which they found belonged to John Skally, a brother of the defendant.

The defense was an alibi, and in support of it members of the defendant's family testified as to his whereabouts on May 31. Louis Skally, a brother living at the same place as the defendant, testified that the defendant left home around 7:00 o'clock in the morning and that he did not see him again that morning. John Skally, another brother living at the same place as the defendant, testified to nothing concerning the defendant's whereabouts on the morning in question. Fior Skally, another brother of the defendant but not living with him, manager of a shoe store at 711 North Clark street, testified that he arrived at the store between 11:00 and 12:00 o'clock that day; that the defendant was working at another shoe store at 744 North Clark street; that the defendant came to the 711 North Clark street store between 8:00 and 12:00 o'clock that morning, but on cross-examination witness placed the time he first saw his brother at about 12:00 o'clock, noon, and that he worked at 711 North Clark street for about thirty minutes, then went out to lunch.

The defendant said that he left home about 8:30 in the morning for his place of employment at 744 North Clark street and did not return until 1:00 o'clock, when he came in response to a telephone call from a brother that the police wanted him. He denied being at the place of the robbery at the time it occurred and further denied that he had been there earlier in the morning, and said that between the hours of 11:00 and 12:00 he did not leave his place of employment but stayed there until around 1:00 o'clock. He further said that on May 31 he did not wear a gray or other colored coat except the coat to his suit but did wear a cap. On cross-examination he stated that he went to his

place of employment that day in his car. The evidence shows that he did not own a car but used the Ford roadster belonging to his brother John.

The chief reasons assigned for reversal are, failure of the prosecution to prove the material allegations of the indictment respecting ownership of the money alleged to have been stolen; lack of identification of the defendant; the giving of certain erroneous instructions to the jury, and failure of the prosecution to prove the guilt of the defendant beyond a reasonable doubt.

After reviewing the evidence we are convinced that the People proved the allegations of the indictment respecting the ownership of the stolen money. The evidence of Helen Lonski is uncontroverted, and shows that she was a member of the owners' family, was the sole member of the family in the restaurant at the time of the robbery, and that the restaurant, and the property therein, were in her care and custody at the time. This was sufficient proof to sustain the allegation of ownership in the indictment. An allegation in an indictment for robbery that the property taken was in the care and custody of the person robbed, supported by proof, is sufficient to sustain a conviction for robbery though the person assaulted did not own the property. *People* v. *Knox,* 302 Ill. 471; *People* v. *Rogers,* 303 id. 578; *People* v. *Filipak,* 322 id. 546.

The statement of the defendant that the People failed to identify him as the robber is without merit. Helen Lonski observed one of the robbers at close range for about two minutes and identified him as the defendant. The evidence shows that at the time she was calm and collected under trying circumstances. Her identification of the defendant at the police station was definite and positive. Mrs. Lonski also positively identified the defendant at the station, and in his presence said that he was the man who had come into the restaurant a short time before the robbery and made a purchase of cigarettes.

The defendant complains of certain instructions given on behalf of the People. However, in preparing the case for review by this court the defendant failed to incorporate either in the record or in the abstract any of the instructions given by the court for him. The record presented to us does not contain any instructions of the People or of the defendant which, if any, the trial court refused to give. Nor does the abstract recite that the record contains all of the instructions given at the trial of the case. If all the instructions are not abstracted the court cannot ascertain whether other instructions were given which correctly stated principles of law applicable, and which, taken as a series, with the instructions given, would have been a proper charge to the jury. The defendant himself might have offered instructions similar to those given at the request of the People. Unless the abstract purports to show that the record contains all the instructions given to the jury it will be considered that the jury was properly instructed as to the law. *People* v. *Adams,* 289 Ill. 339.

The claim of the defendant that in view of his alibi the prosecution failed to prove his guilt beyond a reasonable doubt requires the court to determine from the evidence whether or not the verdict of the jury will be set aside. A careful review of the evidence fails to reveal any matters that would warrant us in disturbing the verdict. The evidence here was sufficient to sustain the conviction of the defendant. Where the evidence is ample to warrant a jury in believing, beyond a reasonable doubt, in the guilt of the defendant, this court will not disturb the verdict. *People* v. *Knox, supra; People* v. *Burke,* 313 Ill. 576; *People* v. *Burke,* 322 id. 271.

The judgment of the criminal court of Cook county is therefore affirmed.                    *Judgment affirmed.*