### 21650.. ESTES *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

*Thomas L. Slappey,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. The special presentment in this case charges that on January 24, 1931, in Fulton county, Ga., Bill Estes "did . . by force and intimidation take from the person of H. C. Barnett . . $89.18, . . the property of the said H. C. Barnett." The jury found the defendant guilty, and he excepts to the overruling of his motion for a new trial.

The gist of H. C. Barnett's testimony is that the robbery occurred between eight and half-past eight o'clock at night at a place about half a block from Peachtree street, in Atlanta, Fulton county, Ga.; that he was the driver of the delivery-truck of the Neway Laundry Company, and had stopped to get a package out of the truck, when a man pressed a pistol against his side and said: "Buddie, get back in the car;" that the man "standing outside" had a "gun" in the witness's back, and Bill Estes got on the seat with witness and directed him where to drive; that during the drive Estes took witness's pocket-book, containing $89.18, while the other man held the "gun" in witness's back; that when the truck came to a stop some distance from the place where witness

was held up, Estes struck witness over the head with the butt of a pistol, and that when witness came to his senses at about nine o'clock the same night, he was alone in the truck; and that witness saw Estes plainly, recognized his voice, and knew that he was one of the men who robbed him.

The defenses relied on by the accused were "mistaken identity," alibi, and the failure of the State to prove the case as laid, in that the indictment charged that the money taken was the property of H. C. Barnett and the evidence showed that it belonged to his employer. In regard to the first two defenses, it need only be said that the jury saw fit to believe the State's witness in preference to the defendant and his witnesses, and that it is not the prerogative of this court to interfere with the jury's findings in these respects. The last defense is of no avail, under a well-established rule that is expressed in *Jones* v. *State,* 42 *Ga. App.* 290 (6) (155 S. E. 797) : "In an indictment for robbery the ownership of the personal property stolen may be laid in the person having actual lawful possession of the property, although he may be holding it merely as the agent or bailee of another; and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding the property merely as the agent or bailee of the real owner. And where in such an indictment ownership is laid in a named person who is stated to have been in possession of the property when stolen, but there is no allegation that he was holding it as agent or bailee of another, and where the proof shows that he was in actual lawful possession of the property when it was stolen from his person but that he was holding it merely as the agent or bailee of another, there is no variance between the allegations of the indictment and the proof. *Bennett* v. *State,* 28 *Ga. App.* 235 (110 S. E. 756), and cit."

We quote fully special ground 1 : "Defendant contends that the court erred in admitting over objections the testimony of George B. Brown to the effect that this defendant had robbed said witness on Thursday night, January 29th, on Lucile Avenue, as shown on pages 20, 21, 22, and 23 of the brief of evidence in this case; that said testimony was irrelevant, immaterial to the issue in this case, and prejudicial to defendant, and was used solely for the purpose of attacking the character of defendant, when defendant had not placed his character in issue in said cause." Special ground 2,

relating to another robbery, said to have been committed "on Tuesday night, February 3, as shown on pages 23 and 24 of the brief of evidence," is so similar to the preceding ground that it need not be set out fully. Special ground 3 is as follows: "That the court erred in admitting in evidence against defendant the testimony of B. W. Durham. This defendant, accompanied with one Wheeless, held up and robbed said witness on January 31st, at 4:40 o'clock, Main Street, East Point, as shown on pages 28, 29, 30, 31, and 32 of the brief of evidence in this case, said testimony being used for the purpose of attacking the character of defendant, whose character had not been placed in issue and was prejudicial to defendant."

Each of the three foregoing special grounds comes dangerously near being too incomplete to be intelligently considered without reference to the brief of evidence. In this connection see *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 715, Rule 14 (145 S. E. 486), and cit. It is certain, however, that it does not appear from any one of said grounds that objection was urged to the testimony referred to therein when the evidence was offered. Therefore these grounds are fatally defective under numerous decisions of the appellate courts of this State. The rule is well stated in *Duke* v. *Ayers,* 163 *Ga.* 444 (136 S. E. 410), in this language: "An assignment of error in a bill of exceptions, based upon the admission of evidence, should state the objection made to the evidence, and that such objection was urged at the time the evidence was offered: otherwise no question is raised for determination."

The fourth and last special ground complains that the court erred in overruling a motion to direct a verdict for the defendant, "on the ground that the $89.18 that was alleged to have been taken was the property of the company, and not the property of H. C. Barnett as alleged . . in the indictment." "It is never reversible error to refuse to direct a verdict." *Walters* v. *State,* 41 *Ga. App.* 570 (153 S. E. 925). However, this same insistence has already been passed upon adversely to plaintiff in error in deciding the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*