THE STATE v. JOHN FITZSIMMONS, Appellant.—89 S. W. (2d) 670.

Division Two, January 4, 1936.

*Verne Lacy* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. Orr Sawyers,* Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of the City of St. Louis of the crime of robbery in the first degree, alleged to have been committed by means of a dangerous and deadly weapon. He received a sentence of twenty years' imprisonment in the penitentiary from which sentence he has duly appealed.

The facts briefly stated are: On the night of March 24, 1932, at about ten o'clock, two men entered a drug store located at the corner of Kingshighway and Lotus Street in the city of St. Louis, Missouri. One of the men, with a drawn revolver, stood guard over the customers, and the other man, identified as appellant, compelled Jerome Wilkerson, the operator of the store, to turn over to him the cash in the store and some narcotics. Appellant is alleged to have had a revolver in his possession, which he displayed at the time of the robbery.

It is alleged that the evidence was insufficient to sustain a conviction. Appellant, in his brief, points to three alleged fatal defects in the State's evidence. First, that the evidence was completely impeached and, therefore, no substantial evidence remained to sustain the verdict of the jury; second that the information charged ownership of the drug store to have been in a corporation and that the evidence failed to sustain that charge; third, that the evidence failed to identify the person on trial as the person named in the information. These in the order stated.

Three witnesses for the State identified appellant as the man who participated in the robbery. One of these witnesses, Edward Beckerle, testified that when appellant entered the store he recognized him as someone he knew; that about seven years prior to the trial he and the defendant had lived in the same neighborhood and at that time he often saw appellant at a confectionary; that he recognized appellant's picture prior to his arrest. Appellant's witnesses, a sister and his mother, admitted, while on the witness stand, that the family had lived in the neighborhood referred to in Beckerle's testimony and that appellant often loafed at the store mentioned. Wilkerson, Beckerle and a witness named Matthias Lydon all testified that they saw appellant's face, when on several occasions during the robbery he lowered a handkerchief which he had used as a mask. The reputation of these witnesses was not questioned. Appellant lays much stress upon the fact that the witnesses did not, on the night of the

robbery, observe a scar on the face of the man they identified as appellant. Appellant had a visible scar upon his face at that time. Appellant also urges that the witnesses' testimony should not be considered as substantial because, under the evidence, it was disclosed that they had little opportunity to observe the man who committed the robbery. We are of the opinion that it was a question for the jury to decide as to whether appellant was the man referred to and identified by these witnesses. We cannot hold such evidence insufficient to sustain a verdict of guilty. The identification of appellant in this case is supported by much stronger evidence than the identification held to have been sufficient in State v. Blackmore, 38 S. W. (2d) 32, l. c. 34 (1, 2), 327 Mo. 708; State v. Scobee, 331 Mo. 217, 53 S. W. (2d) 245, 251, and State v. Hart, 56 S. W. (2d) 592, 331 Mo. 650.

Appellant offered substantial evidence of an alibi. The issues, therefore, presented a question for a jury to decide. [See cases, supra.] This case does not fall within the rule announced in State v. Huff, 161 Mo. 459, 61 S. W. 900, cited by appellant. In that case the principal witness for the State was thoroughly impeached. Note what the court said:

"Testimony completely impeached is no testimony at all, and rests on the same basis, in legal contemplation, as though no testimony had been introduced. And when such a case occurs, relief will be granted by this court."

It is obvious that that rule is not applicable to the present situation.

The information alleged ownership of the drug store and property taken to have been in J. A. Wilkerson Drug Company. The proof disclosed Jerome A. Wilkerson to have been the owner. The information, however, charged, and the proof showed, that the property was taken "from the person and in the presence of Jerome A. Wilkerson and against the will of the said Jerome A. Wilkerson then and there, with force and violence as aforesaid." The variance in the proof, under the circumstances, did not prejudice appellant. It would have been sufficient to sustain a charge of robbery in the first degree if the evidence had failed to disclose the legal owner of the property taken, provided the evidence showed, as in this case, that the party robbed had legal possession of the property. [54 C. J. 1013, sec. 17.] The case of State v. Lawler, 130 Mo. 366, 32 S. W. 979, cited by appellant as an authority, was overruled on the point before us in the case of State v. Montgomery, 181 Mo. 19, l. c. 29, 79 S. W. 693. In State v. Huffman, 238 S. W. 430, l. c. 436, this court said:

"It was not necessary for the jury, nor is it the province of this court, to determine whether the title to said car passed to Floyd under the circumstances of this case. The evidence does clearly show,

however, that Bertagni had the $1050 in his possession, and that it was taken from him by force. It was not material whether Bertagni held the $1050 as owner or bailee. If he was in possession of the money, and it was taken from him by force, this constituted robbery in the first degree. The foregoing contention, therefore, is not well founded, and is accordingly overruled. [State v. Williams (Mo.), 183 S. W. 1. c. 310; State v. Carroll and Gleason, 214 Mo. 1. c. 401, 402, 113 S. W. 1051, 21 L. R. A. (N. S.) 311; State v. Montgomery, 181 Mo. 1. c. 24, 79 S. W. 693, 67 L. R. A. 343, 2 Ann. Cas. 261.]''

. In Commonwealth v. Weiner, 255 Mass. 506, 509, 152 N. E. 359, the Supreme Court of Massachusetts said:

''The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it, from the protection which the person of that other affords. . . . It is not affected by the state of the legal title to the goods taken.'' [See, also, People v. Skally, 174 N. E. 525, 342 Ill. 450; Estes v. State (Ga.), 161 S. E. 165; Jones v. State (Ga.), 155 S. E. 797.]

Our statute, Section 3562, Revised Statutes 1929 (Mo. Stat. Ann., p. 3158), provides that a variance between the information and the proof, as to the ownership of property, shall not be deemed grounds for an acquittal unless such variance be material and prejudicial to the defense of the defendant. The decisions of our courts are in harmony with this statute. [See State v. Fike, 24 S. W. (2d) 1027, 324 Mo. 801.] Since appellant was not prejudiced by the variance the point is ruled against him.

■ . The third point, and the evidence failed to identify the person on trial as the person named in the information, is based upon the fact that appellant's true name is claimed as James and not John. Section 3561, Revised Statutes 1929 (Mo. Stat. Ann., p. 3157), provides in part as follows:

''If a defendant be indicted by the wrong name, unless he declare his true name before pleading, he shall be proceeded against by the name in the indictment.''

The fact, if it be a fact, that appellant's name was James and not John, was not referred to during the trial except that appellant's witnesses testified that his true name was James. The State's witnesses did not identify appellant, the person on trial, by his name, but they recognized him as the same person who participated in the robbery. Appellant signed an affidavit and application for appeal by the name of John and not James. The identical question before us was decided adversely to appellant's contention in the case of State v. Linton, 222 S. W. 847, 283 Mo. 1.

■ In the motion for new trial appellant asserted that the State failed to prove the *corpus delicti* as well as the venue. As to the

venue, Jerome A. Wilkerson testified that the drug store, which was robbed, was located at 2301 North Kingshighway. At the close of his testimony he was asked the following question: "All of this happened in the city of St. Louis? A. Yes, sir." The venue could not have been more definitely shown. The *corpus delicti* was proven beyond any dispute. That a crime was committed was not denied by appellant. His plea was that he was not the guilty party. In a criminal prosecution proof of a *corpus delicti* means the introduction of sufficient evidence to establish the fact that a crime was committed. Proof of the defendant's connection therewith is not a part of the *corpus delicti*. [State v. Payne, 331 Mo. 996, 56 S. W. (2d) 116, l. c. 118 (2, 5); State v. Sinovich, 329 Mo. 909, 46 S. W. (2d) 877, l. c. 881 (14, 15); 16 C. J. 771, sec. 1578.]

▆ Appellant urges that the trial court should have declared a mistrial, as requested, when the assistant circuit attorney stated to the jury in his closing argument as follows:

"If I thought the evidence in this case did not warrant a conviction in this case I would dismiss it."

The trial court admonished the jury to disregard the statement of the prosecutor as to what he would do. The court refused to discharge the jury, as requested by counsel for appellant. These rulings, by the trial court, were proper. It was immaterial as to what action the prosecutor would take if he believed the evidence insufficient. A prosecutor may argue to the jury that under the evidence introduced he believes the defendant to be guilty. The rule is well stated in 16 Corpus Juris, 908, section 2257, as follows:

"He may (meaning the prosecuting attorney), however, argue that in his opinion defendant is guilty, where he states, or it is apparent, that such opinion is based on the evidence."

Many cases are cited in support of the text from various states, including Missouri. [See, also, State v. Stark, 72 Mo. 37; State v. Sinovich, 329 Mo. 909, 46 S. W. (2d) 877, l. c. 881 (16-17).] Expressions of opinion of guilt, based on facts outside of the evidence, are held to be error. It was so ruled in State v. Pierson, 331 Mo. 636, 56 S. W. (2d) 120, l. c. 125 (10, 11), cited by appellant. The argument in the case before us is not subject to that criticism.

Other statements, made by the assistant circuit attorney during his closing argument, were made the basis of an assignment of error in the motion for new trial. No objection was made to the statement at the time, but appellant insists that the trial court should not have permitted such an argument to have been made even if not objected to by counsel for appellant; also that the trial court should have of its own motion declared a mistrial. We have read the argument made by the attorney for the State and also that of the attorney for the appellant. The State's attorney stated to the jury in substance that the attorney for the defendant was an able lawyer,

236

a keen orator and that he had been engaged for years in defending persons charged with crime and had attempted to fool and bamboozle jurors. Attorney for appellant, in his argument, referred to the State's attorney as "one of Missouri's most skillful prosecutors" and also stated in substance that the State's attorney had prosecuted cases for so long that he had become prejudiced against defendants and was not trying to see that justice was done.

The statements complained of, as made by the prosecutor, were not such as would justify a trial court in granting a defendant a new trial. Attorney for appellant did not see fit to object to the argument or ask the court to instruct the jury to disregard it. The argument was probably made in reply to what was said by attorney for appellant. Personal references to opposing counsel should not be made, but when indulged in by both sides and when of no more serious nature than in this case they do not justify the granting of a new trial, especially of the court's own motion.

The information and verdict are in proper form. We have found no reversible error in the record. The judgment of the circuit court is affirmed. Cooley and Bohling, CC., concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.