### 27784. TAYLOR v. THE STATE.

DECIDED SEPTEMBER 12, 1939.

*J. W. Dennard,* for plaintiff in error.
*Allan C. Garden, solicitor-general,* contra.

MacINTYRE, J. Taylor was charged with being drunk on a public highway, was convicted, moved for a new trial and one of the grounds for new trial was newly discovered evidence. The court overruled the motion, and he excepted. "'The granting of a new trial on the ground of newly discovered evidence is not favored by the courts, and it should clearly appear that the evidence newly discovered is of such character as to probably change the result upon another trial.' *McDuffie* v. *State*, 2 *Ga. App.* 401 (58 S. E. 544). 'Applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and the refusal to grant a new trial on that ground will not be reversed unless his discretion is abused. *Miller* v. *State*, 119 *Ga.* 561 (46 S. E. 838); *Bradford* v. *Brand*, 132 *Ga.* 642 (64 S. E. 688). As was said by Judge Bleckley in *Young* v. *State*, 56 *Ga.* 403, 405: "It was early ruled by this court that

newly discovered evidence was not a favored ground for new trial: 10 *Ga. Reports,* 512; Ibid. 500. If this ground was not favored then, how watchful of it should we be now? The incentives to caution have been multiplied within a few years past, tenfold, perhaps a hundredfold. From causes that have become history, and that are known to us all, the value of affidavits taken promiscuously has come to be low indeed. Only the most credulous of men would habitually regard the contents of such affidavits as sufficient to overcome the verdict of a jury. And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. 10 *Georgia Reports,* 512.'' *Lakes* v. *Lakes,* 171 *Ga.* 692 (156 S. E. 620).'' *Jackson* v. *State,* 56 *Ga. App.* 250, 255 (192 S. E. 454), and cit.

Tucker, a county policeman for Crisp County, testified that while he, the sheriff, and one of his deputy sheriffs were riding on a public highway near the northern limits of Cordele, Georgia, they met the defendant driving in the opposite direction; that the defendant drove his car on his left side of the road, forcing the witness and his two companions out of the road; that they turned around and followed the defendant for about one fourth of a mile, when the defendant turned from the highway and stopped at a tourist camp; that the defendant "got out of his car and by the time I drove up and got out of mine. When Mr. Taylor got out of his car he staggered, and I placed him under arrest. I could detect the odor of liquor, and Mr. Taylor was drunk. We carried him to jail, and he was so drunk he was unable to walk without my assistance. I arrested him at 8 o'clock, p. m." The sheriff and his deputy in effect testified to the same thing.

King, a witness for the defendant, testified: "I am game warden of Crisp County, and on the afternoon of January 17th, 1939, I picked up Mr. Taylor in Cordele at about two o'clock and he spent the afternoon riding with me. I put him out about dark in front of Slade's warehouse. It was about five-thirty when he left me. At that time he was sober and had not been drinking. I do not know whether he had anything to drink after he left me, or what he may have done after that. I did not see him any more that night." Sweat, a witness for the defendant, testified: "On the evening of January 17th, and about 7 o'clock, Mr. Taylor came

to my place of business, purchased two cigars, and stood around and chatted for about twenty minutes. He was orderly, and I did not see him drinking, and I saw no evidence of his having been drinking. I did not pay particular attention to him or his condition. He might have had a drink or two, so far as I know. I do not know what, if anything, he drank after he left my place. He could have gotten drunk, for all I know." Phillips, a witness for the defendant, testified: "On the night of January 17th, 1939, I was night operator for Trackside Oil Company, and went on duty at 6:30 o'clock, p. m. Shortly after going on duty Mr. Taylor [defendant] came up from the direction of Bill Sweat's place and inquired as to the whereabouts of his son. His son's car was there, but I informed him that I had not recently seen his son. He chatted with me for a few minutes, and then got in his car and proceeded to drive out the highway, north. A short time thereafter, I learned of his arrest by officer Tucker. Mr. Taylor was at my place between 6:30 and 7 o'clock, p. m. He was not drinking while there, and I saw no evidence of his having had any liquor or alcoholic beverages. I did not pay particular attention to Mr. Taylor, and simply did not see him drink any liquor while he was at our place. He could have had something to drink before he was there, but did not look like he had been drinking. I do not know what he might have drunk after he left, and do not know his condition when he was arrested. He could have been drunk then, so far as I know."

It will be noted that the testimony for the State was affirmative, positive, and direct. The evidence for the defendant was negative, and the affidavits introduced on the hearing of the motion for new trial disclosed only negative testimony. We think we should affirm the judgment denying a new trial, because the verdict was amply authorized by the evidence; and also because we are not convinced that the newly discovered evidence, even if it is not cumulative, would probably produce a different result if the defendant were tried again. In other words, there is nothing in the record that makes it so clear and certain as not to admit of dispute that the judge erred in overruling the motion on this ground, or, to put it differently, the record does not disclose that the judge abused his discretion in so doing. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Young* v. *State,* 56 *Ga.* 403, 405; *Padden* v.

*State,* 17 *Ga. App.* 112 (86 S. E. 287) ; *Hope* v. *Biggers,* 46. *Ga. App.* 74, 77 (166 S. E. 686).

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*