## ADKINS v. THE STATE.

No. 15029. January 5, 1945.

*Hamilton McWhorter Jr., John F. Echols,* and *Howard, Camp & Tiller,* for plaintiff in error.   *T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, Reuben A. Garland,* and *Victor Davidson, assistant attorney-general,* contra.

WYATT, Justice.   ■   There was sufficient evidence to authorize the verdict; and, the verdict having the approval of the trial judge, the judgment refusing a new trial on the general grounds will.

not be disturbed. Compare *Hill* v. *State*, 164 *Ga*. 500 (139 S. E. 23).

■ The first special ground complains of the following excerpt from the charge: "There is some evidence in this case of alleged drunkenness on the part of the defendant. That fact seems to be referred to in the evidence and the court does not state that as a fact, but it is for you to say whether it is or not a fact; but assuming that there was, in fact, any drunkenness in this case upon the part of the defendant, then these instructions would be for your consideration. Drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness was occasioned by fraud, artifice, or contrivance of another person for the purpose of having the crime perpetrated; then the person so causing said drunkenness, for such malignant purpose, shall be considered a principal and suffer the same punishment as would have been inflicted on the person committing the offense, if he had been possessed of sound reason and discretion. Voluntary drunkenness is not an excuse for crime. The fact that one accused of a crime was drunk at the time of the alleged crime may be shown as illustrative of his motive in the transaction, but one voluntarily drunk is presumed to intend the consequences of his act, and the question is whether he intended to do the act and whether he intended the consequences of the act. If a drunken man is sufficiently intelligent to know, understand, and intend to do the act, and understand, and that a certain consequence is likely to result from it, and does the act, he is criminally liable for the consequences of his act. However, if because of drunkenness one's mind should become so impaired as to render him incapable of forming an intent to do the act charged, or to understand that a certain consequence would likely result from it, he would not [be] criminally responsible for the act. Whether that was true or not, is a question for the jury—that would be a question for the jury to decide."

It is contended in this ground that this charge was not authorized by, or adapted to, the evidence, and injected into the case a question not made by the evidence or by the defendant's statement; that the probable effect of the charge was to create in the minds of the jury the belief that the defendant was pleading drunkenness in extenuation or mitigation of the killing, and was seeking to avail himself of a defense to which the court said he was not

entitled; that the probable effect of the instruction was to confuse the jury with reference to what defense the defendant was actually making, and to minimize his real contention that the killing was entirely accidental. It is not contended that this charge was not a correct statement of the law relative to drunkenness as a defense; but it is contended that the charge as a whole was error, in that it was not authorized by the evidence or the defendant's statement.

The identical question here raised was decided in *Overby* v. *State,* 183 *Ga.* 353 (4) (188 S. E. 520), and was decided against the contentions of the plaintiff in error in the instant case. Two Justices dissented in the *Overby* case, but not on the question here raised. The opinion is, therefore, unanimous as to this question. We are requested to review and overrule the *Overby* case. Some of the Justices are of the opinion that the rule as laid down in the *Overby* case is sound, and the request is denied. Speaking for myself, I am of the opinion that the *Overby* case should be overruled and the judgment in the instant case reversed. In the *Overby* case, and in the instant case, such evidence as was offered with reference to drunkenness was produced by the State and could have been offered for one purpose and one only, that of illustrating the state of mind on the part of the defendant. The State did not thereby inject into the case any contention or theory that drunkenness is or is not an excuse or justification for crime. The defendant did not insist upon any theory of drunkenness as a defense. I think that, under these cricumstances, the charge should have been limited to the purpose for which the evidence was introduced, that of illustrating, if it did, the state of mind of the accused; and that the injection into the case, by the charge of the court, of the law of drunkenness as a defense to crime was harmful error.

■ Ground two complains of the following excerpt from the charge: "Gentlemen, the defendant in this case contends that the shooting of the pistol referred to in this case was accidental, and he says he is not guilty; but that, if he did the act and caused the pistol to be discharged and caused the deceased to lose her life, it is attributable to accident." The criticism is that the language, "but that, if he did the act and caused the pistol to be discharged and caused the deceased to lose her life, it is attributable to accident," was erroneous, in that it incorrectly stated the contention

of the defendant with reference to how the killing occurred. It is argued that the defendant did not contend that he caused the gun to fire, but that the deceased grabbed the gun and he grabbed her hand, and in the scuffle over the gun it was accidentally fired. The effect of the excerpt here complained of was to instruct the jury that the contention of the defendant was that the gun was accidentally discharged, regardless of who had actual possession of the gun at the time it was fired. This was a proper instruction to be given the jury under the evidence and the contention of the defendant in this case.

It follows that the judgment refusing a new trial must be af-firmed. *Judgment affirmed. All the Justices concur.*