## 23459. SPURLIN v. THE STATE.

CANDLER, Presiding Justice. Ralph Spurlin, Charles Harper, James Evans and Denny Pressley were jointly indicted in Fulton County for robbery. The indictment alleges that they did by use of an offensive weapon, a pistol, and by intimidation, take from the person of James M. Haynes $6,713, property of the person so robbed. Spurlin was tried separately, convicted of robbery by use of an offensive weapon and was sentenced to serve a prison term of 20 years. He timely moved for a new trial on the usual general grounds, later amended his motion by adding other grounds and from a judgment denying him a new trial, appealed to this court. *Held:*

1. Art. VI, Sec. XIII, Par. II of the Constitution of 1945 was amended in 1958 (Ga. L. 1958, p. 491) so as to authorize superior court judges emeritus to serve and preside in the superior courts of this State. *Code Ann.* § 2-4802. The amendment however provides that the General Assembly shall prescribe the method and manner in which they may be called on for temporary service. Pursuant to the power conferred by this amendment, the legislature passed an Act in 1962 (Ga. L. 1962, pp. 547, 548) which authorizes any superior court judge of this State to request in writing a superior court judge emeritus of his circuit, or any adjoining circuit, to serve and preside in the superior court of any county in his circuit. The Act provides that a superior court judge in making such request shall specify the time, place and duration of the requested service and shall file a copy of the request or order in the office of the clerk of the superior court of the county in which such service is to be performed. *Code Ann.* § 24-2621a. The appellant was tried and convicted in the Superior Court of Fulton County. Hon. Samuel J. Boykin, Superior Court Judge Emeritus of the Coweta Judicial Circuit, presided over and conducted his trial. Appellant contends and argues that his conviction is illegal and void and for that reason should be set aside because the enabling Act of 1962 fails to follow the constitutional amendment and provide for only temporary service of such superior court judges emeritus. The attack made on such Act is without merit. The Act expressly provides that a superior court judge in requesting the service of a superior court judge emeritus "shall specify therein the time, place and duration of such services and shall file a copy

of such request or order in the office of the clerk of the superior court of the county in which such services are to be performed." This language of the Act follows the aforementioned constitutional amendment and limits the power of superior court judges to request temporary service only of superior court judges emeritus. See *Adams v. Payne,* 219 Ga. 638 (135 SE2d 423). On February 23, 1965, Chief Judge Virlyn B. Moore, one of the superior court judges of the Atlanta Judicial Circuit, requested Honorable Samuel J. Boykin, Superior Court Judge Emeritus of the adjoining Coweta Judicial Circuit, to preside and serve in the Superior Court of Fulton County during the March-April term, 1965, of that court and Judge Moore's order was filed with and recorded by the Clerk of the Superior Court of Fulton County as required by the Act of 1962. In these circumstances we hold that Superior Court Judge Emeritus Boykin was legally authorized to preside and serve in that court for the time specified in Judge Moore's order and to try the case against this defendant which was then pending in that court.

2. Before the introduction of evidence began, the defendant invoked the rule of sequestration as provided for by *Code* § 38-1703. The solicitor general asked the court to allow Lt. R. F. Jordan, a detective in charge of the fugitive squad of the Atlanta Police Department and a witness for the State, to remain in the courtroom during the trial to assist him in the prosecution of the case, stating as his reason therefor that Jordan, as such officer, had investigated the case and was familiar with the facts upon which the State expected to rely. The request was granted, and Jordan was allowed to remain in the courtroom and to testify after other witnesses for the State had been examined in his presence. The defendant enumerates this as error. As to this, the trial judge had discretionary power to grant or refuse the solicitor's request and, in the circumstances of this case, we will not hold that he abused his discretion. See *Justice v. State,* 213 Ga. 166 (97 SE2d 569), and the cases there cited which include *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785), where it was said by a full bench that "the rule as fixed by the Code of 1863 (§ 3787) and continued in all subsequent Codes, as to the sequestration of witnesses, conferred upon the party making such request an absolute right, subject only to the sound discretion of the trial judge in

permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case." And what we have here held is also sustained by the decisions of this court in *May v. State,* 90 Ga. 793 (2) (17 SE 108); *Ledford v. State,* 215 Ga. 799 (3) (113 SE2d 628); *Cornett v. State,* 218 Ga. 405 (2) (128 SE2d 317); and *Dye v. State,* 220 Ga. 113 (2) (137 SE2d 465).

3. During the trial the State offered as evidence a statement signed by Charles Harper and James Evans, co-indictees with the defendant, in which they admitted their participation in this robbery and several others but in which they refused to name other persons who participated therein. The defendant enumerates this as error. The record, however, shows that the accused, when this statement was offered in evidence, stated to the court that he had no objection to its introduction provided all of it was read to the jury. It was then allowed in evidence and the solicitor general read all of it to the jury. In these circumstances, no reversible error is shown.

4. When Henry O. Gresham, a witness for the State, was called to the witness stand and before he was questioned by the solicitor general, counsel for the accused made the following motion: "I would like to move that the testimony of this witness not be heard; not be allowed to go before the jury on the ground that my defendant has no knowledge of any transaction to which this witness will testify. The defendant on trial has not been indicted on another charge nor convicted on this particular other charge." His motion was overruled. In response to questions propounded to him the witness testified that the accused came to his store during the latter part of January 1965 and asked for employment and that his store was robbed about a week later by Charles Harper and James Evans, co-indictees with the defendant in this case. On motion therefor Gresham's testimony was ruled out of evidence. Whereupon the accused moved for a mistrial on the ground that the evidence elicited from the witness had the effect of putting his character in issue and showing his participation in another robbery as a co-conspirator with Harper and Evans. The court overruled the motion for mistrial and instructed the jury to give no consideration whatsoever to Gresham's testimony in their consideration of the case on trial. The defendant contends that the injury resulting to him from the excluded testimony was not and could

not be removed by the action of the judge. To this we do not agree and therefore hold that this enumeration of error is not meritorious. *Withrow v. State,* 136 Ga. 337 (3) (71 SE 139); *Stanford v. State,* 201 Ga. 173, 186 (38 SE2d 823); *Harris v. State,* 214 Ga. 739 (2) (107 SE2d 801); and *Hill v. State,* 221 Ga. 65 (5) (142 SE2d 909).

5. In his charge the court instructed the jury: "If you find, gentlemen, that there was a conspiracy between this defendant and one or more others named in the bill of indictment to do the criminal act alleged, then whatever was done in pursuance of that conspiracy during its pendency would be just as binding upon the defendant as if he himself did it and it would be immaterial as a matter of law whether some of the others named as co-conspirators were absent in the doing of the act alleged if you find that it was done as alleged." It is contended that this portion of the charge amounts to an expression of the court's opinion as to what had been proven by the evidence and that it was confusing and misleading to the jury and therefore harmful to the accused because there was no evidence that he had entered into a conspiracy with his co-indictees to commit the offense charged nor any evidence showing his presence at the scene of the robbery or that he aided, abetted, or otherwise participated in its commission. This contention is unsustainable. The charge complained of is abstractly correct, it does not amount to an expression of an opinion by the court as to what had or had not been proven, and it was, as will be later pointed out in this opinion, authorized by the evidence.

6. The accused contends that the court erred in failing to define what is meant by the term "reasonable doubt" and the word "intimidation." He also alleges that the court expressed an opinion prejudicial to him by enumerating and calling the jury's attention to the material allegations of the indictment. These contentions are obviously without merit.

7. In an indictment for robbery, ownership of the property taken may be laid in the person having actual lawful possession of it, although he may be holding it merely as the agent of another, and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding it merely as agent of the real owner. And where in such an indictment ownership is laid in a named person who is alleged to have been in possession of the property taken from him,

but there is, as here, no allegation that he was holding it as agent of another, and where the proof, as here, shows that he was in actual lawful possession of it when it was taken from his person but that he was holding it merely as the agent of another, there is no variance between the allegations of the indictment and the proof as appellant here contends. See *Stokes v. State*, 84 Ga. 258 (2), 263 (10 SE 740); *Wimbish v. State*, 89 Ga. 294 (1) (15 SE 325); *Davis v. State*, 219 Ga. 398 (5) (133 SE2d 329); *Bennett v. State*, 28 Ga. App. 235 (1) (110 SE 756); *Jones v. State*, 42 Ga. App. 290 (6) (155 SE 797); and *Taylor v. State*, 60 Ga. App. 594 (4 SE2d 484).

8. The verdict is amply supported by evidence. From it the jury was authorized to find that the accused together with Charles Harper, James Evans and Denny Pressley corruptly agreed to rob a named supermarket in Fulton County which James M. Haynes had charge of and as co-manager operated for the corporate owner thereof; that they went to such place at night in an automobile owned by this defendant or his wife; that Harper and Evans entered such place of business and at gunpoint took $6,713 in money from Haynes; that this defendant and Pressley remained in the automobile at a point near such place of business with the engine running and the lights burning until the robbery was actually consummated by Harper and Evans and until they returned to such parked automobile; that the robbery was reported to the police department immediately after they left the scene of the robbery; that police officers pursued the automobile from a point near the place of the robbery until it was overtaken and stopped about a mile from such place of business; that this defendant was positively identified by the pursuing officers as one of the occupants of the automobile used in the robbery; that this defendant fled and escaped when the automobile was stopped by such officers and was arrested on the following day; and that the money taken from Haynes and the pistols used in the robbery were in the automobile used in consummating the robbery.

*Judgment affirmed. All the Justices concur.*

Argued May 11, 1966—Decided May 26, 1966.

184

*Franklin S. Chalmers,* for appellant.

*Lewis Slaton, Solicitor General, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Marion O. Gordon, Deputy Assistant Attorney General,* for appellee.