HICKS *et al., vs.* THE STATE OF GEORGIA.

Misdemeanor in disturbing a religious congregation, which one count of the indictment charges that the defendants committed "in a tumultuous and boisterous manner, and by indecently acting," so as to "disturb a congregation of persons lawfully assembled for divine service at the First African Baptist Church, in Savannah," and the second count charges that defendants "did then and there indecently act and attempt to prevent the administration of the holy sacrament of the Lord's supper at the First African Baptist Church in Savannah," is sufficiently set out to support a verdict, and unless demurred to *specially* for want of averments specifically named in the special demurrer, the indictment will be upheld as good.

Criminal law. Practice in the Superior Court. Before Judge HARRIS. Chatham Superior Court. October Term, 1877.

Reported in the opinion.

HARTRIDGE & CHISHOLM ; R. E. LESTER, for plaintiffs in error.

A. B. SMITH, solicitor general, by J. R. Saussy and P. W. Meldrim, for the state.

JACKSON, Judge.

This was a general demurrer to the indictment, and a motion to arrest the judgment because the indictment was insufficient in law. There was no special demurrer setting out wherein it was insufficient. The sole question is, was the court right in holding the indictment sufficient on general demurrer thereto, and on the motion to arrest the judgment ?

The misdemeanor consisted in interrupting a religious congregation engaged in worship, and there were two counts in the indictment: first, that the defendants " did then and there, in a tumultuous and boisterous manner, and by indecently acting, disturb a congregation of persons lawfully as-

sembled for divine service, at the First African Baptist Church in Savannah," and the second count is, that they "did then and there indecently act and attempt to prevent the administration of the holy sacrament of the Lord's supper at the First African Baptist Church in Savannah."

It is insisted in argument that the indictment should have set out the particular act which was tumultuous and boisterous in the first count, and the particular act of indecency in the second count.

Perhaps, if the demurrer had been special, the defendants would have been entitled to have the special acts particularized; but on general demurrer which is only good, no matter when it is made, if good for substance, and if it would be good in arrest of judgment, we hold that the indictment is sufficient.

In the Code the offense is thus described : "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or *otherwise indecently acting*, interrupt, *or in any manner disturb*, any congregation of persons lawfully assembled for divine service, shall be guilty of a misdemeanor, and on conviction, etc."

The first count charges the manner of defendants as tumultuous and boisterous, and their acting as indecent, and as all boisterous behaviour and tumult may well disturb religious worship, the charge will do under that section of our Code which requires the charge to be only so certain that the jury can understand it. Code §4628.

So the second count charges indecent behaviour in attempting to interrupt the communion of the Lord's supper. Any attempt to do so is indecent; and the jury could easily understand these charges, and in substance they are good.

See 24 *Ga.*, 474; 58 *Ga.*, 336.

Judgment affirmed.