### HILBURN *v.* THE STATE.

EVANS, J. 1. The trial court did not err in refusing to grant a continuance on account of the absence of a witness for the accused, it appearing that, upon the announcement of his counsel that he would be ready if the presence of another witness was secured, the court had previously passed the case and the attendance of this witness had been procured, and that the motion for a continuance was made when the case was thereafter again called for trial. Especially is this true in view of the counter-showing made by the State, disclosing that the absent witness had said he knew nothing concerning the homicide with which the accused was charged, that the witness was a fugitive from justice, had eluded arrest for six months, and there was no probability of securing his attendance at the next term of the court.

2. A criminal warrant, signed by a judicial officer having legal authority to issue warrants of like character, is not inadmissible in evidence merely because it is not accompanied by an affidavit such as would authorize the

issuance of the same.· Nothing to the contrary appearing, the presumption is that the warrant was regularly and legally issued.

3. It was competent for the State to prove that the accused, after his arrest, told his custodian that "when firing at the deceased, he fired under his arm, and not straight out," it appearing that this statement; which was at variance with the testimony of one of his witnesses, was freely and voluntarily made. That the accused was a negro, and at the time was "a prisoner in the calaboose, surrounded by a crowd of white men," did not render proof of what he said on that occasion inadmissible; nor should it have been excluded for the reason that the custodian of the accused, "after the alleged statement, had told the negro he had better tell the truth ; that he would protect him and make him comfortable."

4. The conviction of the accused should be allowed to stand, there being ample evidence to warrant the jury's finding that he was guilty of the crime of murder.        *Judgment affirmed. All the Justices concur.*

Argued November 21, — Decided December 9, 1904.

Indictment for murder. Before Judge Daley. Emanuel superior court. September 5, 1904.

*Herrington & Lee,* for plaintiff in error.   *John C. Hart, attorney-general,* and *B. T. Rawlings, solicitor-general,* contra.