## FOLDS *v.* THE STATE.

1. No abuse of discretion is shown in the refusal by the court to postpone the hearing of a certiorari case because of lack of opportunity to file a traverse to the answer of the county judge, when it does not appear from the record that the plaintiff in error did not have such opportunity.
2. Previous residence in the county for six months before serving is a necessary qualification of a grand juror. Disqualification on this ground is propter defectum, and when urged by plea in abatement, before the indictment should be quashed it must affirmatively appear that the accused did not have notice and opportunity to make the question by challenge before the finding of the indictment.
3. The evidence admitted was not objectionable for the reason assigned.
4. "Indecently acting," as used in the Penal Code, §418, must be taken in its comprehensive sense, and embraces all improper conduct which interrupts and disturbs a congregation of persons lawfully assembled for divine worship.
5. Where a congregation assembled for divine worship, after the morning service, had adjourned for dinner to be served on the church grounds, with the intention of returning after the meal to the church house for an afternoon service, in contemplation of the statute the congregation had not dispersed while partaking of their dinner, but were still assembled for the purpose of divine worship.

Submitted May 16, — Decided June 13, 1905.

Certiorari.　Before Judge Lewis.　Putnam superior court. March 22, 1905.

The defendant was convicted, in the county court of Putnam county, of the offense of interrupting and disturbing a congregation of persons lawfully assembled for divine service, and he sued out a writ of certiorari.　The bill of exceptions is to the refusal of the court to sustain the certiorari and order a new trial.

*W. T. Davidson,* for plaintiff in error.
*J. E. Pottle, solicitor-general,* and *S. T. Wingfield,* contra.

EVANS, J.　(After stating the facts.)　1. It appears from the petition for certiorari and the answer of the judge that upon the call of the case in the county court the defendant, through his counsel, asked a postponement of the hearing until he had an opportunity to prepare and file a traverse to the answer of the judge.　It does not appear other than that all the proceedings were had at the return term of the writ when the answer of the judge was filed.　The defendant in certiorari may at the first term, and before the hearing, traverse the truth of the answer or return, which traverse shall be in writing.　Penal Code, § 767 ; Civil Code, § 4651.　Should it appear that the answer was filed at such a time as not to give the plaintiff in certiorari an opportunity to prepare and file a traverse ; the court should allow time sufficient to prepare the traverse, but as the record does not disclose that the plaintiff in certiorari did not have ample time to prepare and file his traverse to the answer of the county judge, it can not be said that the court abused its discretion in refusing to allow additional time within which to prepare and file the traverse.

2. One of the errors alleged in the petition for certiorari was the overruling of the plea in abatement filed by the defendant. It was alleged in the plea that one of the grand jurors who served upon the jury that returned the bill had not resided within the county for a period of six months.　The evidence submitted established the truth of this allegation, but there was no evidence submitted to the court to show that the accused did not have full notice of the fact and an opportunity to make the question by challenge before the finding of the indictment. A necessary qualification of a grand juror is residence in the

county for six months preceding the time of serving. Penal Code, § 811. The disqualification of a grand juror who has not resided in the county the requisite time before service is *propter defectum*; and must be made by the accused before the finding of the indictment, unless it appears that he did not have full notice and opportunity to make the challenge. *Edwards* v. *State*, 121 *Ga.* 590. The evidence offered by the accused failed to show that he did not have notice that it was probable that an indictment would be preferred against him, so as to give him an opportunity to challenge the competency of the juror. There was, therefore, no error in overruling the plea in abatement, upon the evidence submitted.

3. The plaintiff in error complains that the court erred in allowing a witness to testify that while the defendant was in his custody under arrest, he stated that the pistol dropped out of his pocket and was accidentally discharged, with no intent on the part of the defendant to shoot it. The objection was that this statement amounted to a confession, and was obtained under such circumstances as to show that it was not voluntarily made. In the first place the evidence was not a confession of guilt; the defendant distinctly disclaimed any intention to discharge the pistol, and asserted that its firing was the result of accident. Even if the statement amounted to a confession, it was not inadmissible because made while he was under arrest, when it appeared that it was voluntary and not induced by the slightest hope of benefit or the remotest fear of injury. *Hilburn* v. *State*, 121 *Ga.* 344 (3.)

4. After defining the offense of disturbing divine service, in the language of the statute (Penal Code, § 418), the court charged as follows: "I charge you that to shoot a pistol on a church ground or near thereto while a congregation of persons were lawfully assembled there for divine service would be a violation of this section; whether the persons were assembled in the church or were out on the church ground for dinner would make no difference. I charge you that if you believe from the evidence that the defendant shot the pistol and that the shooting was not accidental, then it would be your duty to convict him." Error is assigned upon this charge, first, because the disturbance of a congregation assembled for divine worship, by the discharge of a

pistol on a church ground or near thereto, is not comprehended in the Penal Code, § 418 ; and secondly, that the charge instructed the jury that they might convict if they found that the pistol had been discharged (not accidentally) by the defendant after the persons assembled at the church had left the building and were upon the ground for the purpose of serving dinner. The section of the Penal Code last cited was designed primarily for the protection of congregations of persons lawfully assembled for divine service. Any interruption caused by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, would be a violation of the statute. The words "indecently acting," used in the statute, must be given a comprehensive meaning. Indecent conduct, in its general sense, means improper conduct, and in determining what conduct would be indecent the proprieties of the occasion must always be considered. A congregation may be disturbed by the discharge of firearms in the church building, and the persons assembled more greatly frightened than by the mere presence of an intoxicated man. If a person were to use an oath in church during the progress of the service, so as to distract the attention of any member of the congregation, his conduct would be within the exact letter of the statute. The commotion caused by the discharge of firearms very probably would be greater than the disturbance occasioned by the utterance of a single oath ; and it would be giving the statute entirely too narrow and restricted a meaning to hold that unless the conduct amounted to profanity or obscenity it would not be indecent. Thus, in *Hicks* v. *State*, 60 *Ga.* 464, the second count in the indictment was as follows: The defendants "did then and there indecently act and attempt to prevent the administration of the holy sacrament of the Lord's supper at the First African Baptist Church in Savannah ;" and it was held that this count sufficiently charged indecent behavior in attempting to interrupt the communion of the Lord's suppper. "Any attempt to do so is indecent." If an interruption of one of the church ceremonies would amount to indecent conduct, the disturbance of the congregation while assembled for divine service, by boisterous, tumultuous, or unseemly behavior would be indecently acting, in the terms of that phrase as used in the statute.

5. The second criticism made upon the charge is without merit. It was ruled in *Minter* v. *State*, 104 *Ga.* 752, that a congregation of persons which had been lawfully assembled under a bush arbor for divine service could be disturbed by such acts as are specified by section 418 of the Penal Code, although the persons composing the congregation may have been dismissed from the arbor but remained assembled around it for the purpose of administering to the wants of their domestic animals and preparing and eating their own dinners. The evidence submitted on the trial of the present case authorized the conclusion that the defendant, within a hundred yards of the church, and immediately after the congregation had left the church building for the purpose of preparing dinner, did intentionally discharge his pistol, to the disturbance of the congregation. On this particular day two services were held, one in the forenoon and the other in the afternoon, and dinner was served upon the church grounds between the time of holding these two services. In the contemplation of the statute the congregation had not dispersed, but was still lawfully assembled for the purpose of divine worship; and proof of an intentional discharge of a pistol by the defendant in the near vicinity, to the disturbance of the congregation, was sufficient to authorize his conviction of the offense with which he was charged. Accordingly there was no error in overruling the petition for certiorari.

*Judgment affirmed.* *All the Justices concur, except Simmons, C. J., absent.*