## BROOKS *v.* THE STATE.

No. 9886. MAY 17, 1934.

*H. A. Wilkinson,* for plaintiff in error.

*James W. Harris, acting solicitor-general,* and *Hooper & Hooper,* contra.

GILBERT, J.   Petition for certiorari to the Court of Appeals was granted in this case, the petitioner having been convicted of embezzlement.   The indictment charged that the petitioner, having, by virtue of his employment as an officer, agent, clerk, and employee of the Citizens Bank of Blakely, "the custody & control of (& access to) the moneys, funds, securities & credits of said bank, did then and there unlawfully, with intent to injure & defraud said bank, embezzle, abstract, and wilfully misapply the said moneys, funds, securities, & credits of said bank, aggregating in amount & value the sum of forty-one thousand & ninety-eight dollars,  . . the same having been intrusted to (& accessible to) him," the petitioner, "the said amount, however, not having been so taken & abstracted in a lump sum, but having been embezzled, abstracted, & wilfully misapplied  . .  in various lesser sums & amounts at different times during the period, years, & time intervening" between named dates, and that the embezzlement was accomplished by the drawing of checks, making false entries upon, altering entries upon, and destroying books and records of the bank.   There was a motion to quash the indictment on the ground that it was insufficient to charge embezzlement, (1) because it failed to charge specifically the amount of "moneys," or the nature, character, value, and amount of the "funds" or "securities" alleged to have been embezzled, it being insisted that as to the moneys "the sums, dates, and amounts should be identified and specified," and that in the respects mentioned the terms of the indictment were so broad that "ample opportunity to prepare for defense" was denied to defendant; (2) that the portions of the indictment charging that defendant had "access to" and that funds of the bank were "accessible to" defendant were insufficient to charge embezzlement.   The trial court sustained the motion relating to the portion of the indictment charging that the defendant had "access to" and that funds of the bank were "accessible to" the defendant, but otherwise the motion was overruled.   The motion of the defendant for a new trial was overruled, and that judgment was affirmed by the Court of Appeals.

■ The first headnote does not require elaboration.

■ One ground of the petition for certiorari is as follows: "The Court of Appeals decided as follows: 'The court did not err in overruling the motion to quash the indictment on the 2nd and 3rd grounds of the motion. The allegation and description as to the money alleged to have been embezzled was sufficient. No particularity of description, as to amount, is required in the case of money. *Jackson* v. *State*, 76 *Ga.* 473. Any error as to the failure to sufficiently describe funds, securities, and credits, if committed, was harmless, for the reason that the evidence did not disclose any transactions other than those relating to money.' This decision, petitioner says, was erroneous, because the indictment in the particulars named was insufficient in law, in that the terms thereof were so broad that 'ample opportunity' to prepare for defense was to defendant denied, it being insisted that where the offense charged may be committed in more than one way, the facts stated must be sufficiently stated, if true, to establish defendant's guilt in one way, and must be sufficiently full and complete to put him upon reasonable notice of what he is called upon to meet; and that where he is charged with embezzling funds, credits, and property other than money, that the defendant is entitled to specific allegation covering the description of the property alleged to have been stolen." Under the rules of the Supreme Court in deciding a case where the writ has been granted, "this court will only consider the question raised under such petition." Supreme Court Rule 45; *Louisville & Nashville R. Co.* v. *Tomlin*, 161 *Ga.* 749, 761 (132 S. E. 90), and cit. With regard to the ruling of the Court of Appeals quoted above, which is the first headnote in the decision of that court, the only error assigned on the judgment is that the indictment, in the particulars named, was insufficient at law, in that the terms thereof were so broad that "ample opportunity" "to prepare for defense" was denied to defendant. The only "particulars" named in the first headnote quoted refers to description of the money alleged to have been embezzled. The remainder of that ground of the petition is by way of argument, and does not constitute a separate assignment of error. We hold that the Court of Appeals did not err as insisted in this ground. It is not necessary to state whether or not we arrive at that conclusion for the same reasons stated by the Court of Appeals. That question is not made by the petition for certiorari.

■ Error is also assigned on the following ruling of the Court of Appeals: "The demurrer to that part of the indictment which alleged that the defendant had 'access to' the funds alleged to have been embezzled, and that the funds were 'accessible to him,' was sustained and this part of the indictment stricken. This did not constitute an amendment to the indictment and render the remaining part void, and it was not error to strike the same." The complaint is: "This was error, so petitioner insists, because the indictment was bad because of duplicity, in that it charged both larceny and embezzlement. That where it charges the stealing of funds to which the defendant had access, it charged a trespass and larceny; and that wherein it charges stealing of funds of which the defendant had custody and control, it charges the violation of a fiduciary character, which is embezzlement. That access to funds is not the basis of embezzlement, which crime is founded on the conversion of funds entrusted to defendant."

The Court of Appeals did not err as contended in this ground of the petition for certiorari. We have carefully examined the cases decided in this State, cited as authority by the petitioner for certiorari, and have arrived at the conclusion that they do not support the application for certiorari, but rather the contrary. Cases decided by the Federal courts, including the Supreme Court of the United States, do not constitute controlling authority, because no Federal question is involved. Cases from other States are founded upon their own statutes, which may or may not materially differ from statutes in this State. In no event, however, do decisions from other States constitute controlling authority in this State. We now discuss the cases decided in this State cited by the petitioner. *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486), is quoted as follows: "An indictment can not be [amended], except by the grand jury itself, before the defendant pleads." While decisions of the Court of Appeals are not controlling, they may be strongly persuasive. An examination of that decision discloses the fact that the case originated in the city court of Richmond County, and the issue arose on account of the fact that on the trial of the criminal case upon an accusation there was a motion to quash. Before the defendant pleaded, an amendment was permitted which "consisted in changing the allegation of ownership of a pistol alleged to have been stolen and of the house in which it was said to have been con-

tained." The accusation was based upon an affidavit, and no new affidavit was filed as a basis for the amendment. Obviously this was a material, substantial change in the accusation. Notwithstanding the general observation made, and quoted by petitioner with reference to amending an indictment, the Court of Appeals held in that case: "A solicitor of a city court may amend an accusation in that court at any time before the defendant therein has pleaded to the merits, provided the affidavit of the prosecutor will legally support the accusation as amended, unless such amendment is forbidden by the act creating such city court." In the opinion it was said: "If it be true that an accusation takes the place of a common-law information, an accusation in a city court, in the absence of a statutory provision to the contrary, is subject to amendment."

The next case cited is *Hill* v. *State,* 41 *Ga.* 484, 501, from which the following is quoted in the brief of counsel: "There is nothing which should be more specially guarded by courts than any interference with or alterations of papers emanating from the grand jury. . . In *matters of substance* [emphasis ours] there is no hand can legitimately touch the indictment or presentment but by the direction and action of the grand jury." The issue arose in that case in the following manner: After the defendant had been arraigned and entered a plea of not guilty, and after the jury had been empaneled and sworn and the solicitor-general had "opened the case" to the jury, counsel for the defendant moved for a verdict, because the solicitor-general had made an alteration in the indictment. The solicitor-general admitted that he had made the alteration in the grand-jury room, in the presence of the foreman and others of the grand jury and with their consent. The number of grand jurors present was not stated. No other facts were given. The court overruled the motion, and ordered the trial to proceed. The indictment, which was for murder, was changed by striking therefrom the words "within one year from the day first aforesaid" before the word "died." In lieu of these words the solicitor-general interlined the words "then and there," so that the indictment read, after charging the defendant with the shooting, that the person shot "then and there died." This court held: "That a motion for verdict of acquittal ought not to have been granted by the court, although the act of the solicitor-general was unauthorized

and improper in the premises." In the opinion, which was unanimous, the court further said: "We hold that the indictment as it originally stood is sufficient, and the alteration was both unnecessary and unauthorized." After the ruling just mentioned the court stated in effect that another reason for affirming the judgment was that the motion came too late; that it should have been made before the trial on the general issue of not guilty. That rule does not apply in this case, the demurrer having been filed before arraignment. The court, in the same connection, said: "The spirit as well as letter of our law is to blot out the technicalities and subtleties, which ingenious device so often raises, to defeat the administration of justice." The ruling in the first headnote and first division of the opinion squarely rules this case, because the words stricken were both "unnecessary and unauthorized." The judgment was affirmed. The indictment in this case was perfectly good as it stood. That must be the case, because when one holds money in trust, necessarily he must have "access to it." If the indictment had merely alleged that he was entrusted with the money, that would have meant that he had access to it. Alleging expressly that he did have access to it added nothing to the indictment, and took nothing away. There are doubtless many instances where, in alleging in an indictment the criminal offense, some of the allegations are the same as are used in alleging other offenses. A sufficient illustration is that of burglary. "Burglary is the breaking and entering into the dwelling, mansion, or storehouse, . . with intent to commit a felony or larceny." Penal Code, § 146. Larceny from the house is defined: "Larceny from the house is the breaking or entering any house with the intent to steal, or, after breaking or entering said house, stealing therefrom anything of value." § 175. Compare *Berry* v. *State*, 124 *Ga.* 825.

The next case cited by petitioner for certiorari is *Gibson* v. *State*, 162 *Ga.* 504, 507 (134 S. E. 326), where it was held: "After a grand jury has returned into court a true bill of indictment, and the same has been entered on the minutes of the superior court by its clerk, the court obtains jurisdiction of the case, and the grand jury is without authority, at the same term of the court, to recall the true bill, erase the entry of 'true bill,' and make an entry of 'no bill' on the indictment." The effect of that ruling is fundamentally different from the ruling in this case. It merely holds

that a grand jury, having once returned a true bill into court and when the same has been entered upon the minutes, can not recall it and return a no bill, the effect of which would be to absolutely and totally destroy the first finding, which had become an official court document. In the opinion Mr. Justice Hines said that the grand jury "could not strip the superior court of its jurisdiction by withdrawing the indictment and erasing the return of 'true bill' and inserting 'no bill.'" Counsel for petitioner, in his brief, argues that the words "access to" were improperly in the indictment, and illustrates his meaning by the following: "A negro janitor may have 'access to' funds of the bank; and if by him illegally converted, it is larceny." Ordinarily janitors do not have access to a bank's funds, but if a janitor in a bank should have access to funds in such conditions as to constitute trust, and illegally converts them, he is guilty of embezzlement. If there is no trust, he is guilty of larceny.

The conclusion just stated renders it unnecessary to discuss the question raised in the petition, to wit, that the defendant was denied due process of law under the constitution of Georgia, Civil Code, § 6359. Petitioner also contends that the ruling by the Court of Appeals is in conflict with the fifth amendment to the constitution of the United States. In reply to that question it is only necessary to say that it is well settled by the Supreme Court of the United States, as well as by the decisions of this court, that the fifth amendment to the constitution of the United States is a limitation upon the Federal Government, and has no reference to State action. Howard *v.* Kentucky, 200 U. S. 164 (26 Sup. Ct. 189, 50 L. ed. 421) ; Ensign *v.* Pennsylvania, 227 U. S. 592 (33 Sup. Ct. 321, 57 L. ed. 658). For a large collection of cases to the same effect reference is made to "Constitution of the United States Annotated" (1923), 552.

■ The only remaining ground of the petition for certiorari complains that the Court of Appeals erred in ruling: "The evidence supports the verdict, and the court did not err in overruling the motion for a new trial." In making this assignment counsel does not base his contention upon the sufficiency of the evidence. It is rather based upon his contention that the indictment, after the judgment on demurrer, was void, and that a valid verdict could not be returned on a void indictment. Since we have held that

the indictment, after such ruling, was not void, no further discussion is needed as to this ground. For the same reason the rendition of the verdict on the indictment after ruling on the demurrer did not deprive the defendant of due process of law under either the constitution of the United States or the State constitution. Due process of law merely means according to the law of the land; and, as we have ruled, the accused was accorded a trial according to the established law of this State.

From what is said above it is manifest that the court does not agree with the contention that the action of the court was "arbitrary" in submitting the case to the jury after striking the contested words from the indictment; or that other criticisms are justified.

*Judgment affirmed.* *All the Justices concur, except Russell, C. J., who dissents.*