19057. BAUGH, *alias* BOUGH, *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. The first amended ground of the motion for new trial complains of the ruling denying a motion by the defendant's counsel for a directed verdict of not guilty, made when the first witness for the State left the witness chair. It is not error in a criminal case to refuse to direct a verdict of not guilty. *Williams* v. *State,* 206 *Ga.* 107 (10) (55 S. E. 2d 589); *Coleman* v. *State,* 211 *Ga.* 704 (88 S. E. 2d 381). However, the basis for the motion here is that, without knowing or waiting until the State rested to see what other evidence would be offered, the motion for a directed verdict of not guilty was made when the first witness for the State testified that the $4,800 taken by the robbers was taken from a drawer in the owner's bedroom instead of from the person of that owner, as alleged in the indictment. No matter how objectionable or deficient the testimony might have been, it could not have been legally assailed by the motion for a directed verdict.

2. The other amended ground of the motion sets forth evidence in question and answer form, relating to the suspicions of a witness for the State as to two persons who knew the prosecutrix had the money, and the refusal of the court to require the witness to disclose the name of such persons; then considerable space is consumed setting forth the testimony of the county physician that it was his opinion that the prosecutrix was not physically able to attend court as a witness. It

nowhere appears what this witness was expected to testify, and no motion for a continuance was made. While the ground is thus too confused to present properly any question for decision, it is obvious that, if in proper form, neither complaint would be meritorious.

3. There was direct evidence that the accused tied both Mrs. Phillips, the owner, and her husband after pointing revolvers at them and took $4,800 cash belonging to Mrs. Phillips. There was much other evidence, but this alone was enough to prove robbery by open force or violence; and the venue having been clearly proved, the evidence authorized the verdict of guilty with a recommendation. Proof that money of the alleged owner was taken from her bedroom while she sat in the room where the accused had previously tied her is substantial and sufficient proof of the allegation in the indictment that the money was taken from her person. *Clements* v. *State,* 84 *Ga.* 660 (11 S. E. 505, 20 Am. St. R. 385); *Osborne* v. *State,* 200 *Ga.* 763 (38 S. E. 2d 558). The general grounds are without merit, and it was not error to deny the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER· 10, 1955.

*Robert H. Green,* for plaintiff in error.

*Geo. D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.