### 19735. WINFORD *v.* THE STATE.

MOBLEY, Justice. Under an indictment charging him with the killing of Ruby Nell Chapman by cutting, stabbing, and wounding her with a knife, the defendant was convicted of murder without a recommendation of mercy. His motion for new trial on the general grounds and eleven special grounds was denied, and he has excepted. *Held:*

1. Special grounds 4 and 13, which except to the failure to charge "the law of manslaughter" and "the law of involuntary manslaughter," respectively, are too indefinite to present any question for consideration. *Hines* v. *State,* 204 *Ga.* 1 (2) (48 S. E. 2d 680); *Jester* v. *State,* 193 *Ga.* 202, 211 (4) (17 S. E. 2d 736).

2. Ground 5 contends that the court "did dwell too extensively on drunkenness within his charge, in direct contradiction to the evidence," and quotes therein an extract from the charge dealing with the question of drunkenness as an excuse for crime. Ground 14 contends that the court erred in charging upon drunkenness as an excuse for crime, since the defendant did not raise drunkenness as a defense. In *Overby* v. *State,* 183 *Ga.* 353 (188 S. E. 520), and *Adkins* v. *State,* 198 *Ga.* 720 (32 S. E. 2d 768), a charge on drunkenness as an excuse for crime was approved, though the only evidence as to drunkenness was produced by the State, and the defendant did not refer thereto in his statement. In the instant case, the State introduced no evidence as to the defendant's drunkenness, but the defendant in his statement to the jury said that he was drunk when the killing took place. The defendant's admission that he was drunk being direct evidence of this fact (*Dumas* v. *State,* 62 *Ga.* 58 (3); *Hargroves* v. *State,* 179 *Ga.* 722, 725 177 S. E. 561), the trial court did not err in giving the charge excepted to. These grounds are without merit.

3. Ground 6 complains that the trial court "extracted" from Code § 26-1007 the words "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the crime of murder"; and that said sentence was highly inflammatory and prejudicial to the defendant. The excerpt complained of is a sentence taken verbatim from Code § 26-1007, and it is not contended that such charge was not authorized by the evi-

dence. The charge as given was not inflammatory, and the exception thereto is without merit.

4. Grounds 7, 8, 9, 10, and 12—complaining that the trial court erred in admitting certain evidence referred to in these grounds, but failing to show how or wherein the admission thereof was either erroneous or harmful to the defendant, and that such evidence was objected to when it was offered and the ground of objection then made—are without merit. *Stanford* v. *State*, 153 *Ga.* 219 (2) (112 S. E. 130); *Wallace* v. *State*, 204 *Ga.* 676, 691 (3) (51 S. E. 2d 395); *Langston* v. *State*, 153 *Ga.* 127 (1) (111 S. E. 561); *Harris* v. *State*, 156 *Ga.* 582 (119 S. E. 519); *Waters* v. *State*, 158 *Ga.* 510, 512 (3) (123 S. E. 806).

5. "It is not error in a criminal case to refuse to direct a verdict of not guilty. *Williams* v. *State*, 206 *Ga.* 107 (10) (55 S. E. 2d 589); *Coleman* v. *State*, 211 *Ga.* 704 (88 S. E. 2d 381)." *Baugh* v. *State*, 211 *Ga.* 863 (1) (89 S. E. 2d 504). Ground 11, complaining of the failure of the trial court to direct a verdict of not guilty is without merit.

6. The verdict was authorized by the evidence, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

Submitted June 10, 1957—Decided July 3, 1957.

*Henry B. Smith,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *Thomas R. Luck, Jr., Eugene L. Tiller, Eugene Cook,* Attorney-General, *Rubye G. Jackson,* contra.