### 21754. CORNETT v. THE STATE.

CANDLER, Justice. Robert L. Cornett, Jr. and Jerry Waldrip were jointly indicted in Gwinnett County for the offense of robbery by use of an offensive weapon, namely, a pistol, a weapon likely to produce death when used in its usual and customary manner. Cornett was separately tried, convicted of the offense charged and his punishment was fixed at from 4 to 10 years in the penitentiary. He moved for a new trial on the usual general grounds and amended his motion by

adding 4 special grounds. He was denied a new trial and the exception is to that judgment. *Held:*

1. The defendant contends that the court erred in refusing to grant him a new trial on the general grounds of his motion since there was a fatal variance between the allegations of the indictment and the evidence adduced in proof thereof. Respecting this, the record shows that the indictment alleges that the robbery was accomplished by use of an offensive weapon, to wit: a pistol, a weapon likely to produce death when used in its usual and customary manner and the evidence conclusively shows that the accused used a pistol which would not fire live ammunition in effecting the robbery. The position taken by the accused is tenable. The offense of robbery was redefined by an act approved March 7, 1957 (Ga. L. 1957, p. 261). That act defines and prescribes punishment for four separate and distinct classes of robbery, one of which is robbery by use of an offensive weapon. Section 1 of the act declares in part: "The use of or offer to use an offensive weapon, or a weapon likely to produce death when used in its usual and customary manner, or any replica, article or device having the appearance of such weapon, in the taking of personal property from another, shall constitute robbery by use of an offensive weapon." As pointed out, the indictment alleges that the offensive weapon which the accused used in effecting the robbery was a deadly weapon (not a replica, article or device having the appearance of such a weapon) ; and, since the indictment specifically alleged that as a fact, it was incumbent on the State to prove the allegation as laid, and proof that the accused in effecting the robbery used a replica, article or device having the appearance of a deadly weapon would be wholly insufficient to prove that allegation of the indictment. See *Crenshaw v. State,* 64 Ga. 449; *Hall v. State,* 120 Ga. 142 (1) (47 SE 519) ; *Smith v. State,* 185 Ga. 365 (195 SE 144), and the cases there cited. On this ground of the motion a new trial should have been granted the movant.

2. The first special ground of the motion alleges that the court, over timely objection by the accused, erred in allowing Daniel C. Cole, a witness for the State, to testify. His motion was based on the ground that he had invoked the rule of sequestration; that the court had refused to send Cole out with the

other witnesses; and that he had been in the courtroom during the trial and heard other witnesses for the State testify. There is no merit in this special ground of the motion. *Code* § 38-1703, provides: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." This special ground of the motion affirmatively shows that the witness Cole was not only the Sheriff of Gwinnett County when this case was tried but was the prosecutor of the case and marked on the indictment as such; and we have found no case, and none has been cited, where this court or the Court of Appeals has held that it was reversible error for the trial judge to permit the sheriff of his court, or the prosecutor in a criminal case, to remain in the courtroom and afterwards testify as a witness for the State where the rule of sequestration had been invoked in such case. What we have here held is sustained by the unanimous decisions of this court in *Rooks v. State*, 65 Ga. 330 (1); *May v. State,* 90 Ga. 793 (2) (17 SE 108); *Keller v. State,* 102 Ga. 506 (31 SE 92); *Davis v. State,* 120 Ga. 843 (2), 845 (48 SE 305); *Taylor v. State,* 132 Ga. 235 (2), 237 (63 SE 1116); and *Wallace v. Mize,* 153 Ga. 374 (7) (112 SE 724). In *Hoxie v. State,* 114 Ga. 19 (39 SE 944), where the rule of sequestration was invoked, the court unanimously held that it was not erroneous for the judge to permit two deputy sheriffs to remain in the courtroom and afterwards testify as witnesses for the State since their presence as officers of the court was needed. For another case clearly sustaining the ruling we have here made, see *Askew v. State,* 3 Ga. App. 79 (59 SE 311), where that court speaking through Judge Russell held: "Where the rule requiring the sequestration of witnesses is invoked, and one of the witnesses is an officer of the court, to wit, the sheriff, it is within the discretion of the presiding judge to sequester him, or to allow him to remain in the court. The court cannot transact its business without its officers; and the discretion of the trial judge will not be controlled, when he sees proper to except them from the general rule in regard to the sequestration of witnesses." In the instant case it is reasonable to presume that the court would at all times need the presence and service

of the sheriff in the trial of a capital felony and that the solicitor general needed the assistance of the prosecutor in the trial of such case.

3. It is not error in a criminal case to refuse to direct a verdict of not guilty. *Williams v. State,* 206 Ga. 107 (10) (55 SE2d 589); *Coleman v. State,* 211 Ga. 704 (88 SE2d 381); *Baugh v. State,* 211 Ga. 863 (1) (89 SE2d 504); *Winford v. State,* 213 Ga. 396 (5) (99 SE2d 120); and *Albert v. State,* 215 Ga. 564 (3) (111 SE2d 215). Hence, there is no merit in special ground 2 of the motion for new trial.

4. During his argument to the jury, the solicitor general stated that the legislature was right in passing our robbery statute of 1957 (Ga. L. 1957, pp. 261, 262) "to keep criminals from relying on testimony such as has been produced here today." The accused moved for a mistrial on the ground that such statement was harmful and prejudicial to him because it placed his character in issue when he had not theretofore elected to put it in evidence. The trial judge overruled his motion and special ground 3 assigns error on that ruling. The accused says in this ground of his motion that the solicitor general by the remark complained of called him a "criminal" and that such remark requires a new trial because it was unwarranted and was an attack on his character. We do not think the remark is subject to the criticism lodged against it. By it the solicitor general did not call the accused a criminal. What he said amounts to no more than an assertion by him that the testimony introduced on the trial clearly demonstrates the wisdom the legislature exercised in passing a criminal statute prohibiting and prescribing punishment for robbery by use of an offensive weapon, which according to the terms of such act, may be either a real weapon or one which looks like such. He said nothing which can be construed even as an intimation that he thought the accused was a person of bad character. It was not improper for him to state that the legislature acted wisely in passing the act for a violation of which the accused was indicted. *Allen v. State,* 187 Ga. 178 (5), 181 (200 SE 109, 120 ALR 495). This ground of the motion therefore shows no error.

5. Special ground 4 complains of the following portion of the charge: "The defendant stands charged in the indictment in this case under *Code* § 26-2501 of the Code of Georgia. This section of the Code provides that robbery is the wrong-

fully, fraudulent and violently taking of money, goods, or chattels from the person of another by force, use of an offensive weapon, by intimidation, or by sudden snatching, without the consent of the owner or person in possession or control thereof with the intent to steal the same. Personal violence committed against the person of another in the taking of personal property shall constitute robbery by force. Now, I charge you, Lady and Gentlemen, that robbery by force is not charged and is not involved in this case and you will not consider that portion of this Code section." It is alleged that such charge was erroneous because the court should have told the jury that robbery by "sudden snatching" as well as robbery by force was not involved in the case on trial. Since there was no evidence that the robbery was accomplished by "sudden snatching" and the court clearly pointed out the type of robbery with which the accused was charged, there is no merit in this ground of the motion. *McKuhen v. State,* 216 Ga. 172 (4) (115 SE2d 330).

6. For the reason stated in Division 1 of this opinion, the trial judge should have granted the movant a new trial and a refusal to do so was reversible error.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1962—DECIDED OCTOBER 15, 1962.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.

*Jack Holland, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.