22086.   PITTS v. THE STATE.

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963.

*Thomas H. Antonion,* for plaintiff in error.

*William T. Boyd, Solicitor General, Eugene L. Tiller, Walter LeCraw, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

HEAD, Presiding Justice. Thomas Ray Pitts was charged with robbery by the use of an offensive weapon. The indictment contained two counts, charging him with robbery against the same person on two different dates. The jury found him guilty on the second count, and recommended mercy, with the further recommendation that the sentence be fixed at a minimum of 15 years and a maximum of 20 years. The defendant assigns error in his bill of exceptions on the overruling of his demurrers to the indictment, and on the denial of his motion for new trial as amended.

The second count of the indictment is as follows: "And the Grand Jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Thomas Ray Pitts with the offense of robbery, for that said accused, in the County of Fulton, State of Georgia, on the 8th day of October, 1962, with force and arms, did wrongfully, fraudulently and violently by offering and threatening to shoot one N. A. Harper with a pistol, which accused exhibited, the

same being an offensive weapon and one likely to produce death when used in its usual and customary manner, take from the person of N. A. Harper, without his consent and with intent to steal the same, twenty-seven dollars and twenty-four cents in money of the value of $27.24 and the property of the aforesaid person so robbed; the date herein alleged being an essential averment as to this offense; contrary to the laws of said State, the good order, peace and dignity thereof."

■ It is asserted in the demurrers to the indictment that the Act of 1957 (Ga. L. 1957, pp. 261-263, *Code Ann. Supp. Ch.* 26-25), in which the offense of robbery by use of an offensive weapon is created and defined, offends the Constitution, Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908), which declares that, "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The caption of the 1957 Act provides: "An Act to amend Chapter 26-25 to re-define the offense of robbery by force or violence and to fix the punishment for said offense; to create and define robbery by use of an offensive weapon; to re-define the offense of robbery by intimidation; to re-define the offense of robbery by sudden snatching and to fix the punishment for the said offense; to repeal conflicting laws, and for other purposes." It is contended that the constitutional provision is contravened since the act fixes a penalty for the offense of robbery by use of an offensive weapon, whereas the caption states only that the offense will be defined; and that the act contains more than one subject matter, to wit, creating and defining a new grade of robbery and re-defining former existing grades of robbery.

This court has repeatedly held that the constitutional provision cited by the defendant is not violated by the inclusion in the body of an act of a penalty which is not alluded to in the caption of the act, where the penalty affixed is germane to the purpose of the act. *Hart v. State,* 113 Ga. 939 (39 SE 321); *Morris v. State,* 117 Ga. 1 (43 SE 368); *Pearson v. Bass,* 132 Ga. 117 (2) (63 SE 798); *Holland v. State,* 155 Ga. 795 (1) (118 SE 203). See also *Harris v. State,* 191 Ga. 243, 249 (6) (12 SE2d 64). The fixing of a punishment for the crime of

robbery by the use of an offensive weapon is certainly germane to the definition of such offense, and the act is not unconstitutional because of the failure to refer to the punishment in the caption of the act.

The act is not subject to the objection that it contains more than one subject matter, since the only matter dealt with is the crime of robbery. *Eubanks v. State*, 217 Ga. 588 (124 SE2d 269).

■ One ground of the demurrers is that the indictment is "confusing, misleading and does not place the defendant on notice as to what charge of robbery he is called upon to defend." It is pointed out in the defendant's brief that the indictment alleged that the offense was committed "with force and arms," and with the use of an offensive weapon.

In *Morris v. State*, 117 Ga. 1, supra, there is some discussion of the inappropriateness of the ancient common law expression "with force and arms" in indictments involving no physical force. Such expression is unnecessary in any indictment in this State. *Code* § 27-701. However, it is not unsuitable in an indictment for robbery by any method known to our law, since all of such crimes involve constructive force, if not physical violence.

It is asserted that the indictment charges neither robbery by use of an offensive weapon nor robbery by intimidation, but an offense somewhere between the two forms of robbery. Section 1 of the Act of 1957 (Ga. L. 1957, pp. 261, 262, *Code Ann. Supp.* § 26-2501) defines robbery by intimidation as "The use of threat, coercion, or placing another in fear in the taking of personal property from another." Section 3 (*Code Ann. Supp.* § 26-2503) in fixing the punishment for robbery by intimidation further defines it by the words, "Robbery by intimidation, or without the use of force and personal violence, or use of an offensive weapon, . . ." The indictment in the present case plainly charged robbery by the use of an offensive weapon, and not robbery by intimidation.

Numerous grounds of demurrer were filed to the indictment asserting that the indictment did not plainly state the offense charged. The indictment charged the offense of robbery by the use of an offensive weapon in the language of the statute, and

■

was sufficiently plain for the nature of the offense to be easily understood by the defendant and the jury, and it was not subject to the demurrers of the defendant. *Ramsey v. State,* 212 Ga. 381 (92 SE2d 866).

■ It is contended by the defendant that there is a fatal variance between the allegations of the indictment and the proof. The indictment alleged that the robbery was committed with "an offensive weapon and one likely to produce death when used in its usual and customary manner." It is asserted that the State never offered any evidence to show that the pistol used in the robbery was an offensive weapon and one likely to produce death when used in its usual and customary manner. Counsel for the defendant cites *Cornett v. State,* 218 Ga. 405 (128 SE2d 317), in which this court held that it was incumbent on the State to prove a similar allegation in the indictment in that case, and that proof that the accused in effecting the robbery used a replica of a deadly weapon would be wholly insufficient to prove the allegations of the indictment.

The *Cornett* case is not in point on its facts with the present case. Lieutenant C. R. Fleming, of the Atlanta Police Department, testified that he apprehended the defendant while the defendant was marching his victim up the street; that the witness wrestled with the defendant, and the defendant's pistol fell to the sidewalk. Y. H. Allen, City Detective, testified that he went to the place where Lieutenant Fleming had arrested the defendant, and that the pistol was turned over to him. He testified: "I examined the weapon and noticed that it had five live rounds of ammunition." This evidence was sufficient to show that the pistol used by the defendant in the robbery was "an offensive weapon and one likely to produce death when used in its usual and customary manner," as charged in the indictment.

The evidence amply supported the verdict, and it was not error to overrule the general grounds of the motion for new trial.

■ Special ground 1 of the amended motion for new trial contends that the following evidence was illegally admitted to the jury: "The stocking and the pistol." This ground is too incomplete for any ruling thereon. There is no indication in the ground as to what witness or witnesses identified the objects. The evidence discloses that the robbery was committed by a

person with a stocking mask over his face, armed with a pistol. If any error was committed in the allowance in evidence of "the stocking and the pistol," it is not shown by this ground.

■ Grounds 2 and 3 contend that testimony of the witness Y. H. Allen was illegally admitted over objections of the defendant. The testimony objected to in these grounds does not appear in the approved brief of evidence. "The brief of evidence controls as to what was the testimony of a named witness, in the event of a conflict with a ground of the motion for new trial. Accordingly when, as in the present case, such ground complains of the admission of certain testimony, and it does not appear from the brief of evidence that the witness testified as alleged, the ground is not meritorious." *Walthour v. State,* 191 Ga. 613 (13 SE2d 659).

■ Ground 4 contends that the court erred in refusing to give the following written request to charge: "I charge you that if the State's evidence tends to show the defendant is guilty of robbery by force and that if the evidence of the accused tends to show that he is not guilty of any offense, then the verdict of guilty of robbery by intimidation would be unauthorized." The charge of the court did not present to the jury any issue as to robbery by intimidation. The requested charge was not germane to the evidence, and would have been confusing to the jury.

*Judgment affirmed. All the Justices concur.*