## 22415.  JONES v. THE STATE.

ARGUED MARCH 10, 1964—DECIDED APRIL 9, 1964—REHEARING DENIED APRIL 21, 1964.

*Donald L. Hollowell, Howard Moore, Jr.,* for plaintiff in error.
*William T. Boyd, Solicitor General, J. Walter LeCraw, Charles A. Williams, Assistant Solicitors General, Eugene Cook, Attorney General,* contra.

ALMAND, Justice.  Ashton B. Jones upon his conviction of violating *Code* § 26-6901 (interfering with religious worship) was sentenced by the court.  His motion for a new trial was overruled.  Error is assigned on the order denying him a new trial.  Error is also assigned on (a) the refusal of the trial judge to disqualify himself from presiding in the case; (b) the

order dismissing on motion of the State the defendant's plea in abatement; (c) the orders overruling the general and special demurrers to the indictment; and (d) the order overruling the defendant's motion in arrest of judgment.

■ *Motion to disqualify.* The defendant before pleading to the merits moved to disqualify the trial judge on the ground that he, by reason of bias and prejudice, could not give him a fair and impartial trial. *Code Ann.* § 24-102 provides the circumstances under which a judge of the superior court may be disqualified. This Code section does not provide that bias or prejudice is a ground to disqualify him from presiding in the case. The statutory grounds of disqualification contained in this section are exhaustive. *Blakeman v. Harwell,* 198 Ga. 165 (31 SE2d 50). "Alleged prejudice or bias of a judge, which is not based on an interest either pecuniary or relationship to a party within a prohibited degree, affords no legal ground of disqualification." *Elder v. Camp,* 193 Ga. 320 (18 SE2d 622). See also *Moore v. Dugas,* 166 Ga. 493 (143 SE 591).

■ *The plea in abatement.* The plea alleged that the indictment under *Code* § 26-6901 was being applied so as to deny the defendant due process of law and equal protection of the law under the Constitution of Georgia (*Code Ann.* § 2-103) and the Fourteenth Amendment to the Federal Constitution in that "the said statute is being applied so as to perpetuate a scheme of racial discrimination in places of public worship within the City of Atlanta, Fulton County, Georgia, which has long existed under State sanction through legislative enactments, recognized customs and usages, and which has been aided and abetted by the discriminatory enforcement and application of the said statute." The State moved to dismiss the plea on the grounds that all the allegations contained in the plea go to the merits of the case and are not the proper subject matter for a plea in abatement. This motion to dismiss was sustained.

Pleas in abatement are dilatory pleas. They must be strictly construed, certain in intent and leave nothing to be suggested by intendment. Every inference must be against the pleader. *Meriwether v. State,* 63 Ga. App. 667 (1) (11 SE2d 816). The indictment charges the defendant with disturbing divine worship

by the doing of certain acts. There is no allegation of the absence of such acts before the grand jury or that the indictment was returned solely by the grand jury "to perpetuate a scheme of racial discrimination in places of public worship." "It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." *Powers v. State*, 172 Ga. 1 (3) (157 SE 195).

It was not error to dismiss the plea.

■ *The demurrers to the indictment.* The general demurrers. *Code* § 26-6901 provides: "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." The indictment charged the defendant with the offense of a "misdemeanor (Sec. 26-6901) for that said accused, in the County of Fulton and State of Georgia, on the 30th day of June, 1963, with force and arms, said accused being at and on the grounds of the First Baptist Church of Atlanta, did interrupt and disturb a congregation of persons then and there lawfully assembled for divine service at said church, by loud talking, shouting, and by sitting on the floor of said church and by otherwise indecently acting contrary to the laws of said State, the good order, peace and dignity thereof."

(a) The defendant challenges the statute under which he was indicted (*Code* § 26-6901) on the ground that the statute is so vague, indefinite and ambiguous that it wholly fails to give the defendant notice of the act and conduct which constitutes a violation of said statute as is required by the due process clause of the State Constitution and the Fourteenth Amendment to the Federal Constitution.

Statutory language in defining a criminal offense which conveys a definite meaning as to proscribed conduct when measured by common understanding and practice satisfies due process requirements. United States v. Petrillo, 332 U.S. 1 (67 SC 1538, 91 LE 1877). The statute under consideration proscribes the interruption or disturbance of a congregation of persons assembled for divine service in one of five different ways. The defendant under this indictment is put upon notice that he on a certain

day at a named church did by "loud talking, shouting and by sitting on the floor of said church, and by otherwise indecently acting" interrupt and disturb a congregation of persons assembled for divine worship at said church. This court in *Folds v. State,* 123 Ga. 167 (51 SE 305) held that the words "indecently acting" must be taken in the comprehensive sense and include all improper conduct which interrupts or disturbs a congregation of persons lawfully assembled for divine worship. Any person of common intelligence (and particularly one who claims to be an ordained minister) may determine whether the particular acts and conduct charged him with improper conduct, i.e., indecent acting. See *Watson v. State,* 192 Ga. 679 (16 SE2d 426) ; *Farrar v. State,* 187 Ga. 401 (2) (200 SE 803), and *Clark v. State,* 219 Ga. 680 (135 SE2d 270).

It was not error to overrule this ground of the general demurrer.

(b) The indictment was demurred to on the grounds (1) that it did not charge any offense under the law; (2) that the allegations in the indictment were insufficient to charge the defendant with any offense under any law of the State and, (3) that the allegations in the indictment are so vague, indefinite and ambiguous that they wholly fail to give the defendant reasonable and adequate notice, as required by the due process clause of the State Constitution and the Fourteenth Amendment to the Federal Constitution.

Laying the indictment by the side of the statute (*Code* § 26-6901) discloses that the defendant is charged with the offense prohibited by the statute and that he is apprised with reasonable certainty of the nature of the charge, *Glover v. State,* 126 Ga. 594 (55 SE 592), and that the statute is sufficient to withstand a general demurrer, *Ruff v. State,* 17 Ga. App. 337 (86 SE 784).

The charge that the allegations in the indictment are so vague, indefinite and ambiguous as not to meet the requirements of due process is controlled by the ruling in Division 3 (a) above.

■ *Special demurrers.* Ground 1 asserts that the indictment fails to allege that any person or persons were disturbed or give the name of any person who was disturbed. Grounds 2 and 3 allege that the words "by loud talking, shouting and by sitting on the floor of said church and by otherwise indecently acting"

are too vague and indefinite, and insufficient to enable the defendant to prepare his defense and that there was no allegation that the "loud talking" was either profane, abusive, unreasonable or wilful. Ground 4 alleges that the words in the indictment "by otherwise indecently acting" are vague and insufficient to put defendant on notice of the nature and character of his acts. Ground 5 asserted that the indictment fails to name the State and county of defendant's residence.

The court overruled all of the special demurrers except ground 4 which it sustained, and the words "and by otherwise indecently acting" were stricken from the indictment. Error is assigned on the overruling of the other demurrers.

This court in considering the sufficiency of an indictment under Code § 26-6901 in *Minter v. State,* 104 Ga. 743, 748 (30 SE 989) said: "The terms of the statute upon which this presentment is founded so distinctly individuate the offense which it defines, that the use of such terms in charging the offense in the presentment sufficiently notified the accused of what he was called upon to answer. The gist of the offense is the *disturbance* of a congregation lawfully assembled for divine service; and the manner and means, or the particular acts, by which the disturbance of such congregation may be effected are set out in the statute; and a general allegation that the disturbance was caused by such acts is all that is necessary, without entering into details." See also *Folds v. State,* 123 Ga. 167, supra; *Brown v. State,* 14 Ga. App. 21 (4) (80 SE 26).

It was not error to overrule the four special demurrers.

■ *Motion in arrest of judgment.* The first ground of the motion asserted that there was no valid and sufficient indictment. Our ruling in Division 3 of this opinion forecloses any further discussion of this ground. The second ground alleged that *Code* § 26-6901 was violative of the due process clause of the State Constitution and the Fourteenth Amendment to the Federal Constitution. Our ruling in Division 3 (a) of this opinion settles this ground.

The third ground asserts that when the court struck the words "and by otherwise indecently acting" from the indictment, it materially amended the indictment in derogation of the due process clauses of the State Constitution and the Fourteenth

Amendment to the Federal Constitution, and the indictment as amended failed to charge an offense under the laws of Georgia.

As pointed out in our rulings on the special demurrers the court sustained the special ground of the defendant's demurrer and on his motion struck the words "by otherwise indecently acting" from the indictment. The court struck these words from the indictment as "constituting surplusage, in order that the jury might not be confused." This the court had the right to do and such action did not render the whole indictment void. *Brooks v. State*, 178 Ga. 784 (3) (175 SE 6); *Patton v. State*, 59 Ga. App. 871 (2) (2 SE2d 511). This is especially true where the court's action was at the defendant's request. Ralston v. Cox, 123 F2d 196, cert. denied 315 U.S. 796 (62 SC 488, 86 LE 1197).

The indictment with the words "and by otherwise indecently acting" stricken was sufficient to charge an offense under *Code* § 26-6901. *Folds v. State*, 123 Ga. 167, supra.

The motion in arrest was properly overruled.

■ *Motion for a new trial.* The motion consists of the general grounds and 14 amended grounds.

(a) Exceptions to instructions to the jury. The court after reading *Code* § 26-6901 to the jury charged that if they found beyond a reasonable doubt that loud talking or sitting on the floor or shouting be shown, provided it was such that disturbed persons assembled for divine service, such would constitute indecent acting within the meaning of the law.

This charge is not subject to the exception that it conveyed an erroneous impression or inference. The charge was in harmony with the statute and with this court's definition of "indecent acting" in *Folds v. State*, 123 Ga. 167, supra.

(b) The court charged the jury that though the indictment charged that the offense was committed with force and arms, it would be sufficient if the State should prove the remaining allegations of the indictment. The ground of the exception is that it erroneously conveyed to the jury the idea that the defendant had used force and violence. It was not error for the court to inform the jury that it was not necessary to prove this formal phrase of the indictment. See *Pitts v. State*, 219 Ga. 222 (132 SE2d 649).

(c) The court instructed the jury that if the State proved

that the accused did interrupt or disturb—either one was sufficient to support the allegation in the indictment that he did interrupt and disturb.

This charge is not subject to the objection that it was erroneous and harmful.

(d) The court instructed the jury that if the defendant did the acts alleged in the indictment for the purpose of causing the church to change its rules and practice to conform to those of the defendant's liking, this would not constitute any defense.

This instruction, it is alleged, was in derogation of the defendant's right of free speech and association guaranteed by the State and Federal Constitutions.

The statute under which the defendant was being prosecuted does not make it an offense for one to speak in a church service. The gist of the offense is the interruption or disturbance of the congregation while engaged in divine service. The statute may be violated not only by the spoken word (cursing, profane or obscene language) but by indecent acting. One might remain mute, yet by improper conduct interrupt or disturb the service.

The constitutional right of *one* to freedom of speech is counterbalanced by the right of the *many* to their constitutional freedom in the practice of their religion. Neither occupies a preferred position in the Constitution.

The instruction was not error.

(e) Grounds 5, 6 and 7 will be considered together. (5) The court charged the jury that a church has the right to establish its own practice and rules for the admission and seating of persons and if one refused to comply with the rules the church authorities had the right to use reasonable force to evict him. (6) The court charged the jury that if the defendant disagreed with the rules and practices of the church and engaged in loud talking, shouting and sitting on the floor to induce the church to change its rules, his desire to cause the church to change its rules would not constitute any defense. (7) The court charged that the jury was not concerned with the question of segregation or integration or with the correctness or propriety of any rule or practice of the church. These charges were objected to as being (5) injurious and prejudicial; (6) erroneous and incorrect; and (7) harmful because the jury should have been allowed to con-

sider the question as to whether the church was practicing racial segregation.

From the testimony of the defendant it clearly appears that he went to the church for the purpose of getting the church authorities to change its rules and practices as to seating persons. The evidence authorized these instructions.

(f) The defendant alleges error because the court read to the jury the indictment without reading the three words, "otherwise indecently acting," which had been stricken by the court on motion of the defendant.

There is no merit in this contention. It was proper for the court to read the indictment as it stood after the elimination of these words.

■ Glenn Bailey testified that he was a member of the First Baptist Church and was in the church sanctuary for the morning service of June 30, 1963, and heard a man hollering and that the voice was coming from the front of the church. Defendant moved to rule out this testimony because the witness did not identify the defendant as the one who hollered. The motion was overruled. There was other testimony that the hollering was done by the defendant. It was not error to overrule the motion.

■ On cross examination of the witness the court sustained the objection of the State's counsel to the question "Do you know that as a matter of fact the disorderly conduct charge against the defendant was dismissed?" The defendant alleges error on the ground that "the movant was unable to solicit from the witness relevant facts within his own knowledge which would have exculpated the movant" and thereby limited the scope of defendant's cross examination.

What action took place in another court upon a different charge was irrelevant and immaterial. The action of the court in confining counsel to the issues of the case on trial does not abridge counsel's right to a thorough cross examination. *Pulliam v. State*, 196 Ga. 782 (28 SE2d 139).

■ Ground 11 alleges error in that the court, over objection, permitted the State's counsel on cross examination of the defendant to question the defendant on his acts and conduct at other places in Atlanta.

It appears from the testimony of the defendant that he first

brought into the case incidents of picketing, "sitting in" and "lying in" at other places in Atlanta. It was not error to permit State's counsel to cross examine the defendant as to these other incidents.

■ Grounds 12 and 13 assign error on the court's overruling defendant's motion for a directed verdict of acquittal. It is never error to refuse to direct a verdict of acquittal. *Baugh v. State*, 211 Ga. 863 (89 SE2d 504).

■ The final special grounds complain that the court's sentence of 12 months upon the public works, 6 months in jail and a $1,000 fine was arbitrary, capricious, unreasonable and violative of the constitutional provisions for due process of law, and fair and impartial trial, and was excessive.

The sentence imposed was within the limits provided by law. Being not greater than the maximum sentence provided by law it is not excessive. *Godwin v. State*, 123 Ga. 569 (51 SE 598).

■ The verdict is fully supported by the evidence and the general grounds were properly overruled.

*Judgment affirmed. All the Justices concur.*