24037. SUTTON v. THE STATE.

DUCKWORTH, Chief Justice. The appellant was indicted, tried and convicted of the crime of robbery by force and sentenced to serve 10 years imprisonment in the State penitentiary. Upon completion of the evidence, appellant moved for a directed verdict, which was denied. The appeal is from the

judgment and sentence based upon the denial of the motion for directed verdict. The victim, Mitchell, was unable to positively identify the robbers who overpowered him in his cow barn because they were disguised and masked; but, in substance, he testified that one was short, the other tall; that the taller one's face was taped up and he called the shorter one "James," and that "James" wore a "boggin" for a mask. An accomplice testified that he wore masking tape on his face and the appellant wore a "boggin" for a mask; that they committed the robbery, and in the process he called the appellant by his first name, James, twice in the presence of the victim. In addition there was other testimony showing (1) the accomplice and the appellant were together before and after the crime; (2) criminal admissions by them to others in conversations (a) concerning a robbery; (b) about robbing somebody named Mitchell; (c) leaving a man in a barn; and (d) having a large sum of money. *Held:*

1. Prior to the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 494; *Code Ann.* § 6-702), it was never error for the trial judge to deny a motion for directed verdict. *Baugh v. State,* 211 Ga. 863 (89 SE2d 504), and cases cited therein among many, many others. However, the above law supersedes all such decisions since the appellant may now "enumerate as error the overruling of . . . [a] motion for directed verdict." A motion for judgment notwithstanding the verdict need not be filed as a condition precedent to a review upon an order overruling a motion for directed verdict although it may still be filed in cases in which it is an available remedy.

2. To authorize a felony conviction on the testimony of an accomplice it is necessary that his evidence be corroborated (*Code* § 38-121), so that, independently of his testimony, the corroborating circumstances should lead to the inference that the defendant is guilty. *Whaley v. State,* 177 Ga. 757 (171 SE 290); *Waldrop v. State,* 221 Ga. 319 (144 SE2d 372), and cases cited therein. There was testimony, as shown above, which corroborated the testimony of the accomplice. Since the sufficiency of the corroborating testimony—provided it leads to an inference of guilt of the accused—is peculiarly a matter for the jury to determine, and the corroborating evidence here does lead to an inference of guilt, it cannot be said as a matter of law that the verdict is contrary to the

evidence. The lower court did not err in denying the motion for directed verdict or in rendering the final judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 12, 1967—DECIDED APRIL 20, 1967.

*Cook & Palmour,* for appellant.

*Robert L. Vining, Jr., Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General,* for appellee.