## 43610.   McTERRELL v. THE STATE.

Argued May 6, 1968—Decided October 2, 1968— Rehearing denied October 11, 1968—

*Sullivan & Herndon, John J. Sullivan,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III,* for appellee.

WHITMAN, Judge. ■ The first enumeration of error is that

the court erred in not granting defendant's motion for a judgment of acquittal at the close of the evidence. Although formerly it was never error for the trial judge to deny a motion for directed verdict, the Appellate Practice Act of 1965, as amended, now provides that such may be enumerated as error. *Sutton v. State,* 223 Ga. 313, 314 (1) (154 SE2d 578).

In this case the homicide was admitted. The burden was then upon the defendant to justify or mitigate the homicide. *Mann v. State,* 124 Ga. 760 (1) (53 SE 324, 4 LRA (NS) 934). The defendant presented evidence tending to establish that she believed and feared she was about to be killed or feloniously attacked by the decedent with a tire iron. Whether the circumstances presented were sufficient to justify such fear in a reasonable person was a matter for the jury and not the judge to decide. *Cumming v. State,* 99 Ga. 662 (2) (27 SE 177). There was no error in overruling defendant's motion for a judgment of acquittal.

■ The second enumeration is that the court erred in charging the jury on the law of manslaughter when the evidence failed to show this element of the law to be involved in the case.

"Whenever there is any doubt as to the *grade* of the offense, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide." *Crawford v. State,* 12 Ga. 142, 149. The evidence here authorized a charge on the law of manslaughter, justifiable homicide and murder. Charging the jury on the law of manslaughter was not error.

■ The remaining enumerations are the three general grounds of a motion for new trial and present the question only of whether there was any competent evidence to support the verdict. The jury was authorized by the evidence to find that the defendant killed the decedent while under the violent impulse and excitement of passion, aroused by his statements that he was tired of her, his threats to kill her, and his actions in running out of the house toward the car where a tire iron was located.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*